## JOHN D. PHŒNIX et al.

### *vs.*

## JONATHAN R. GARDNER et al.

On appeal from an order granting a new trial, the objection that the complaint does not state facts sufficient to constitute a cause of action, will not be allowed if the pleading can be sustained by the most liberal intendment in its favor.

An allegation in the complaint that the defendant delivered to the plaintiff an absolute deed of certain lots as collateral to secure the payment of a promissory note, shows the deed to be in legal effect a mortgage.

A deed absolute on its face, given as security for a debt, is a mortgage, and the fact that it was given as security may be proven by parol evidence of the circumstances under which it was made, and the relation subsisting between the parties.

When A sends an absolute deed to B, accompanied by a letter stating the object for which the deed is made, the letter is competent evidence to show the nature of the transaction.

A letter written subsequently by A to B on the same subject is admissible against the former, when it tends to prove a fact illustrative of the nature of the transaction between the parties.

It is not material what A's intention was at the time of making the deed if it was not communicated to B.

This action was commenced in the District Court for Nicollet county. The complaint alleges the execution of a promissory note by defendant Gardner to plaintiffs, on the 28th of September, 1858, for $745 ; that on the 28th day of May, 1859, defendant Gardner and wife executed a warranty deed of

certain real estate to plaintiff Phœnix, "as collateral to secure the payment of said promissory note, * * * which conveyance was, nevertheless, upon the consideration that if the said Jonathan R. Gardner should pay or cause to be paid to the plaintiffs the said promissory note, * * * then the plaintiffs should re-convey," &c. It alleges failure to pay the note, &c., and asks that the defendants be foreclosed of all interest and equity of redemption in the said real estate ; that it be sold and the proceeds applied to the payment of the amount due on the note, &c., and a judgment for the deficiency if any. The defense was that the deed was given and received as an absolute payment of the debt. On the trial the plaintiffs, after putting in evidence the note and deed, offered in evidence a letter addressed to the plaintiffs and signed by defendant Gardner, the material portions of which are as follows : "Enclosed you will find a deed of some lots, which I have deeded to your house for the better security of my note. * * * I am buying no goods, and as I cannot collect or sell property for cash, it becomes necessary to make such sales and dispositions of property , such as I have, to my creditors to save them as well as myself. * * * I take this course believing it will be satisfactory to my creditors. * * I am anxious to pay all my debts and if I can secure my creditors in this way, and have no forced sales of property I will do so in time." The defendants objected to the reception of the testimony on the ground that it tended to vary the terms of a deed under seal ; the Court overruled the objection and the defendants excepted. The plaintiffs offered in evidence another letter of defendant Gardner addressed to the same parties, dated May 9, 1861, the material portions of which are as follows : " I have delayed answering yours of the 19th ult. a few days to ascertain what I might be able to offer you, and have effected an arrangement whereby I can get a ¼ block, 3

lots, in the same locality of those you already hold, which I can have deeded to you on the surrender of my note. * * Our rail matters are assuming a very good shape, and I have no doubt this amount of property will fully indemnify you against ultimate loss on my obligation." This was also admitted under the same objection. The plaintiffs rested, and defendant Gardner having been sworn as a witness for the defense, was asked what his intention was, at the time, in making the deed. The plaintiffs objected on the ground that the witness had made the deed and could not by parol explain his intentions; the objection was sustained and defendants excepted. Witness testified that the value of the property deeded was at the time $800. Other witnesses testified to the value of the property. This comprised, substantially, all the evidence in the case. The jury, under the instructions of the Court, returned a special finding, which was substantially that the deed was given and received in full payment of the debt, and that the property, at the time, was worth $767.67. The plaintiffs moved the Court for a new trial. The Court granted a new trial on the ground that the verdict was "evidently against the law and the evidence." The defendants appeal from the order granting a new trial.

E. St. Julien Cox for Appellants.

Charles S. Bryant for Respondents.

By the Court—Wilson, Ch. J.—When this case was before us at the last term, my brethren held that on account of certain irregularities and defects in the record, it would be proper to remand it for an amended return. The amended return has been made and filed in this Court, and cures the formal errors which before stood in the way of a disposition of

the case on the merits. Certain questions not before considered, we will now pass upon.

At this stage of the case, the objection that the complaint does not state facts sufficient to constitute a cause of action, will not be allowed if the pleading can be sustained by the most liberal intendment in its favor. If the complaint is informal, the defendants' remedy was in the Court below.

The allegation that the defendant delivered to the plaintiffs a warranty deed of certain lots as collateral to secure the payment of a promissory note, shows that the deed was in legal effect a mortgage. A deed absolute on its face, given as security for a debt, is a mortgage, and the character of the transaction may be shown by parol evidence of the circumstances under which the deed was made, and the relation subsisting between the parties. See 3 *Leading cases in Equity* (3 *Am. Ed.*), 624–630. The complaint, therefore, we think, is not fatally defective.

The letter accompanying the deed was admissible evidence to show the nature of the transaction. It was part of the *res gestae*. So, also, was the letter of the defendant written in May, 1861, competent evidence; it tended to prove a fact inconsistent with the theory that the deed was intended as an absolute conveyance.

The evidence of the defendant Gardner as to what his intention was at the time of making the deed was properly excluded. It is not material what was his intention. The question is, what was the contract of the parties, and his intention not communicated to the plaintiffs could not affect that.

We think the new trial was properly allowed for the reasons given by the court below.

Order affirmed.