JANE A. MCCARTHY *vs.* GEORGE S. COUCH and another.

## June 15, 1887.

**Specific Performance—Independent Contracts.**—A. entered into an executory contract with B. for the purchase of land owned by the latter, and, before performance of the conditions on either side, contracted to sell the same land to C., and thereafter neglected or refused to complete his contract with B. so as to acquire the title. *Held*, that the contracts were independent, and that an action could not be maintained by C. against A. and B. to compel a specific performance of the first-named contract by A., to the end that B.'s title might be acquired and transferred to C.

Appeal by plaintiff from an order of the district court for Hennepin county, *Rea, J.*, presiding, sustaining the demurrer of the defendant Couch to the complaint.

*Arthur D. Smith*, for appellant.

*F. D. Culver*, for respondent.

VANDERBURGH, J. The complaint shows that the defendant Couch contracted to sell the lot in controversy to the defendant McKay. The terms and conditions of this contract do not appear. Thereafter McKay, by his agent, entered into the contract with plaintiff for the sale of the same land as set forth in the complaint. It is also alleged that plaintiff is ready and willing to perform this contract on his part, and that the defendant McKay refuses to complete his contract with Couch, who has the legal title, but that Couch, who was cognizant of plaintiff's contract with McKay, is willing to complete his contract with the latter, "or to convey to the plaintiff directly, as shall be convenient to all parties interested." It does not appear that the plaintiff is willing to accept the equitable interest or title of McKay, or any other than a title in fee absolute. The plaintiff asks that the defendant Couch may be decreed to convey to the defendant McKay on the conditions agreed on, and that the latter specifically perform his agreement with the plaintiff. Here there are two separate and independent agreements, and there is no privity between the respective parties thereto. The plaintiff is not a party to or assignee of the first contract, which is still executory on both sides, and neither of the

parties thereto can be compelled, at the instance of this plaintiff, to enter into a litigation to compel the specific performance of that contract as between themselves.

If McKay had fulfilled his part of the contract with Couch, and the latter were simply holding the legal title unconditionally as trustee, then McKay's omission to take the title would not be permitted to defeat the plaintiff's application for specific performance, especially if Couch consented. But no such case is here presented.

This case is to be distinguished from *Gill* v. *Newell*, 13 Minn. 430, (462,) where Newell purchased land of Lash, with plaintiff's money, for him, and under an agreement with him that such contract of purchase should inure to his benefit, Newell being the mere agent or conduit for securing the title; and the court held the plaintiff to be the equitable assignee of Newell. It also differs from the case of *Thompson* v. *Myrick*, 20 Minn. 184, (205,) where the defendant agreed to secure the title to certain land for the plaintiff, and, having subsequently acquired it, and caused it to be transferred to his wife, a specific performance was rightly decreed. These were cases where the court acted upon the parties to specific contracts, or their assigns.

Order affirmed.