W. H. H. JOHNSTON *vs.* JOHN N. JOHNSON.

February 17, 1890.

**Vendor and Purchaser—Abandonment of Contract.**—Under a contract for the sale of land, providing for the payment of a part of the price within 20 days after an abstract showing a clear title should be presented to the purchaser, upon which payment the conveyance was to be made, if the vendee notifies the vendor that he is unable, for want of funds, to perform the contract on his part, he may be deemed to have relinquished his rights under it; and the vendor need not, in order to put the vendee in default, present an abstract of title or tender a deed. In such case it is not important that there was a cloud upon the title which the vendor was able and willing at once to remove.

Appeal by defendant from a judgment of the district court for Dakota county, where the action was tried by *Crosby*, J.

*Chas. N. Akers,* for appellant.

*Johns, Michael & Johns,* for respondent.

DICKINSON, J. This is an action to cancel a contract for the sale of land. The case is presented here upon the pleadings and the findings of the court. It thus appears that on May 31, 1887, the plaintiff and one Gray, then owning the land, executed a contract with the defendant for the sale of the property to him for the sum of $18,000, of which $450 was to be paid at that time, and was so paid. Five thousand five hundred and fifty dollars was to be paid within 20 days after the delivery of an abstract showing a clear title, (at which time of payment the conveyance was to be made,) and the remainder of the price was to be paid subsequently. It was agreed that time should be of the essence of the contract. The abstract presented by the vendors showed that an action was then pending in which one Hamilton claimed title to a part of the land. The plaintiff, however, had arranged with Hamilton for a settlement of that action, and the defendant was notified of this. The vendors were willing and able to perform their part of the contract with the defendant, and the latter was so notified. The defendant, however, was not able to perform on his part, for the reason that he could not furnish the money necessary to be paid, and for that reason he did not comply with the contract on his part. He notified the vendors of his inability to perform, and in October, 1887, they contracted to sell the land to other parties. The plaintiff has acquired the interest of Gray in the land. The judgment of the district court was that the contract be cancelled, and that the defendant was not entitled to recover the $450 paid on the contract. It must be assumed that the findings of fact were supported by the evidence. The findings justified the conclusion and judgment. It is true that by the terms of the contract the defendant was under no obligation to make further payments until the vendors' title should be shown to be good; but, disregarding a defect which he was notified could be removed, he declared his own inability to perform the contract. This justified the vendors in forbearing to remove the cloud of the *lis pendens*. There was no necessity for their presenting a clear abstract of title or tendering a deed, when, for reasons wholly foreign to the matter of the title, the vendee had notified them that he could not perform. As they were willing and

able to fulfil the contract on their part, and so notified the defendant, the substantial reason for its non-performance was the defendant's declared inability to make the payment. He, then, and not they, were properly regarded as being in default. Therefore the judgment was right.

Judgment affirmed.