Delivered January 16, 1891.

---

NIC BLUNTZER ET AL V. DEWEES & HINKLE.

No. 2742.

1.   **Charge—Fraud.**—A charge upon the issue of fraudulent alteration of a written contract criticised and held improper, as follows: "You are further instructed that fraud can not be presumed, but is a fact to be proved as any other fact; and that he who relies on fraud to avoid the effect of a contract on its face legal and valid must establish the fraud by a preponderance of evidence, either direct or by circumstances from which the inference of fraud naturally arises, *and* with such *certainty* as will *satisfy* your minds that such fraud actually exists."

2.   **Refusal to Perform Excuses Tender by Other.**—It appearing that the party contracting to deliver cattle notified the purchaser that he would not go on with the contract, such notice would absolve the purchaser from any obligation to make a tender of the money for the cattle to be delivered.

3.   **Incompetent Testimony.**—The defendant, sued for damages for his breach of a contract to deliver cattle, on cross-examination was asked and over objection testified that "if the money had been actually tendered he would not have received it." This was incompetent to prove a tender, even if it had been necessary to prove it.

4.   **Same.**—So also it was incompetent to prove payment upon the contract to show that the purchasers had deposited the first payment on the contract with parties that the defendant "had checks on and had drawn checks on."

5.   **Same.**— So also was it error to compel the defendant to answer the question, "Were you not angered because plaintiffs went to ——— to guarantee your contract?" The fact has no proper connection with any issue in the cause.

APPEAL from Nueces.   Tried below before Hon. J. C. Russell.
The opinion states the case.

*McCampbells & Welch,* for appellants.— 1.   Where improper evidence is admitted on the trial of a case before a jury over objections, and it can not be known that its admission was not injurious to the party objecting thereto, and the same is properly excepted to and also called to the attention of the trial court in a motion for a new trial and disregarded by such court, the judgment will be reversed by the Supreme Court on appeal.   Ross v. Kornrumpf, 64 Texas, 390; Jackson v. Deslonde, 1 Posey's U. C., 674; Wheeler v. Wheeler, 65 Texas, 573.

2.  A charge to the jury in a civil case where they are instructed that fraud must be established by a preponderance of evidence, and with such certainty as will satisfy the jury of its existence, is more onerous as to the burden of proof than is required by law, and such instruction can not be regarded as without influence upon the verdict of the jury and is therefore reversible error.    Schmick v. Noel, 72 Texas, 4; Railway v. Brazzil, 72 Texas, 237; Scott v. Pettigrew, 72 Texas, 329, 330; Wylie v. Posey, 71 Texas, 39, 40; Baines v. Ullman, 71 Texas, 537; McBride v. Banguss, 65 Texas, 174.

*Tarlton & Keller* and *A. S. Chevallier,* for appellants.— 1.  The testimony complained of was legitimate and proper.

2.    The charge must conform to the case made by the pleadings and proof, and when the evidence of a certain fact is positive and not controverted it should be taken as established; and when the evidence establishes certain facts, or the inference to be drawn from the facts in evidence can only establish a certain fact, the court may instruct the jury how to find; and on the other hand, when it is apparent that no injury has resulted therefrom, the occurrence of an immaterial error is not ground for reversal; and if a verdict is authorized by the facts and the justice of the case has been attained, a judgment will not be reversed on account of an erroneous charge, nor the refusal of a correct charge on an abstract proposition of law not pertinent to the facts in evidence.    The charge must conform to the case made by the pleadings.    Norvell v. Oury, 13 Texas, 31; Love v. Wyatt, 19 Texas, 312; Dodd & Co. v. Arnold, 28 Texas, 97.

The charge must conform to the evidence.    Hampton v. Dean, 4 Texas, 455; Davis v. Loftin, 6 Texas, 489; Wheeler v. Moody, 9 Texas, 372; McGreal v. Wilson, 9 Texas, 426; Thompson v. Shannon, 9 Texas, 536; Lee v. Hamilton, 12 Texas, 413; Yarborough v. Tate, 14 Texas, 483; Earl v. Thomas, 14 Texas, 583; Hancock v. Horan, 15 Texas, 507; Scranton v. Tilly, 16 Texas, 183; Hicks v. Bailey, 16 Texas, 229; Case v. Jennings, 17 Texas, 661; Andrews v. Smithwick, 20 Texas, 111; Austin v. Talk, 20 Texas, 164; Hatch v. Garza, 22 Texas, 176; Willis v. Bullitt, 22 Texas, 330; Garrett v. Chambliss, 24 Texas, 618; Altgelt v. Brister, 57 Texas, 432; Belcher v. Fox, 60 Texas, 527; Cook v. Dennis, 61 Texas, 246; Railway v. Rider, 62 Texas, 267; Railway v. Gilmore, 62 Texas, 391; Rosenthal v. Middlebrook, 63 Texas, 333; Railway v. Faber, 63 Texas, 344.

When the evidence is positive and not controverted it may be taken as established.    Wintz v. Morrison, 17 Texas, 372; Railway v. Stewart, 57 Texas, 166; Caruth v. Grigsby, 57 Texas, 259; Teal v. Terrell, 58 Texas, 257; Floyd v. Efron, 66 Texas, 221.

When evidence or inference from it only tends to establish a certain fact, the court may even instruct the jury how to find.    Reid v. Reid, 11 Texas, 593; Bond v. Mallow, 17 Texas, 636; Hedgepeth v. Robertson, 18

Texas, 871; Mitchell v. De Witt, 20 Texas, 294; Austin v. Talk, 20 Texas, 164; Andrews v. Smithwick, 20 Texas, 118; Teal v. Terrell, 58 Texas, 257; Eason v. Eason, 61 Texas, 225; Grinnan v. Dean, 62 Texas, 218.

When no injury has resulted, an immaterial error in the charge is no ground for reversal. Mercer v. Hall, 2 Texas, 285; Hardy v. De Leon, 5 Texas, 211; Jones v. Thurmond, 5 Texas, 318; Able v. Lee, 6 Texas, 427; Todd v. Caldwell, 10 Texas, 236; Armstrong v. Lipscomb, 11 Texas, 654; Hassell v. Nutt, 14 Texas, 260; Thomas v. Ingram, 20 Texas, 727; Hubby v. Stokes, 22 Texas, 217; Albright v. Corley, 40 Texas, 105; Mc-Clane v. Rogers, 42 Texas, 214; Cook v. Wootters, 42 Texas, 294; Carter v. Eames, 44 Texas, 544; Railway v. Delahunty, 53 Texas, 212; Gaston v. Dashiell, 55 Texas, 508; Houston County v. Dwyer, 59 Texas, 113; Railway v. Hardy, 61 Texas, 230.

A judgment will not be reversed on the ground of an erroneous charge when a verdict is authorized by the facts and the justice of the case has been attained. Mercer v. Hall, 2 Texas, 285; Lea v. Hernandez, 10 Texas, 137; James v. Thompson, 14 Texas, 463; Fisk v. Holden, 17 Texas, 408; Hubby v. Stokes, 22 Texas, 220; Merriwether v. Dixon, 28 Texas, 19; Sypert v. McGowan, 28 Texas, 635; Albright v. Corley, 40 Texas, 105; Carter v. Eames, 44 Texas, 548; Williams v. Conger, 49 Texas, 582; Erwin v. Bowman, 51 Texas, 514; Land Co. v. Williams, 51 Texas, 51; Railway v. Delahunty, 53 Texas, 206; Loper v. Robinson, 54 Texas, 510; Gaston v. Dashiell, 55 Texas, 508; Dotson v. Moss, 58 Texas, 152; Galveston v. Morton, 58 Texas, 409; Bowles v. Brice, 66 Texas, 724; Railway v. Hewitt, 67 Texas, 473; Bigham v. McDowell, 69 Texas, 100; Railway v. Greenlee, 70 Texas, 553; Railway v. Silliphant, 70 Texas, 623; Railway v. Tierney, 72 Texas, 312; Willis & Bro. v. Hudson, 72 Texas, 598.

HENRY, Associate Justice.—This suit was brought by the appellees to recover damages for a breach of the following contract, charged to have been executed by the defendants:

"San.Antonio, Texas, 2—22—1884.

"I agree to sell Dewees and Hinkle 2000 head of yearling heifers and 2100 [alteration] head of 2-year-old heifers, at my ranch in San Patricio County, at $12 for 1's and $16 for 2's, if they pay me one-third of the money by the 15th of March and balance on delivery of cattle; and I agree to deliver either or both herds at Cotulla or Pearsall at 25 cents per head when they are passed on at my ranch. Delivery to be from the 5th to the 20th of April.

[Signed]                                        "N. Bluntzer.

"We hereby guarantee the above contract on the part of N. Bluntzer.
[Signed]                                        "D. & A. Oppenheimer."

Judgment was rendered for plaintiffs.

The defendant Bluntzer pleaded under oath a material and fraudulent

alteration of said obligation after it was signed and delivered by him, and by his own testimony substantially supported said plea. The plaintiffs introduced evidence going to show that the obligation was not changed in any respect after it was signed.

Upon this issue, at the request of plaintiffs, the court charged the jury as follows: "You are further instructed that fraud can not be presumed, but is a fact to be proved as any other fact; and that he who relies on fraud to avoid the effect of a contract on its face legal and valid must establish the fraud by a preponderance of evidence, either direct or by circumstances from which the inference of fraud naturally arises, and with such certainty as will satisfy your minds that such fraud actually exists."

Previous decisions of this court have held such a charge as this improper. Wylie v. Posey, 71 Texas, 39; Schmick v. Noel, 72 Texas, 4; Baines v. Ullman, 71 Texas, 537; McBride v. Banguss, 65 Texas, 174.

It was charged and proved that the guaranty by D. & A. Oppenheimer was made subsequent to the execution of the obligation of Bluntzer and without his request or knowledge, in consideration of a deposit of the first payment for the cattle being made with them for the use of Bluntzer.

The evidence we think sufficiently shows that Bluntzer, before the date arrived for making the first payment under the contract, notified appellees that he would not receive the money or perform the contract, so as to absolve them from any obligation to make a tender of the money.

If that had not been so, we do not think that the unauthorized payment of the money to the Oppenheimers could be treated as a performance of that part of the contract.

The plaintiffs in their cross-examination of Bluntzer were permitted to prove by him, over his objection, that if the money had been actually tendered him he would not have received it. If proof of an actual tender had been necessary to maintain plaintiffs' case it could not properly have been made by such evidence. It was error to admit it.

Evidence that Bluntzer had had "checks on and drawn checks on D. & A. Oppenheimer" was inadmissible to establish that the deposit of the first payment with them was a lawful payment of it to Bluntzer or any other issue in the cause, and it should have been excluded when objected to by the defendant.

It was error to require the defendant to answer the question propounded by plaintiffs, "Were you not angered because the plaintiffs went to D. & A. Oppenheimer to guarantee your contract?" because the fact inquired about had no proper connection with any issue in the cause.

Upon the facts as presented by the record, we do not think that there was any error in the other matters presented by the assignment of errors.

For those noticed the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered January 16, 1891.