C. E. MATTESON v. UNITED STATES & CANADA LAND COMPANY.[1]

February 21, 1908.

Nos. 15,514—(229).

**Complaint—Breach of Executory Contract.**
Complaint construed, and *held* to state a cause of action for the breach of an executory contract for the sale of land.

**Rescission by Vendor—Tender.**
Where the vendor in such a contract, before the time of performance is due, expressly renounces or repudiates the same and declares his inability to, or that he will not, perform it, no tender by the vendee of the balance due on the purchase price is essential to the right of action for the breach.

**Same.**
A mere refusal, however, before performance is due, not amounting to an unqualified repudiation or renunciation of the obligations of the contract, will not obviate the necessity of a tender by the vendee.

Action in the district court for Hennepin county to recover $12,000 damages for the breach of a contract. From an order, Holt, J., over-

[1] Reported in 115 N. W. 195.

ruling its demurrer to the amended complaint, defendant appealed. Affirmed.

*Wm. H. Hallam,* for appellant.

*Albert E. Clarke,* for respondent.

BROWN, J.

Action to recover damages for the breach of an executory contract for the sale of land. Defendant interposed a general demurrer to the complaint, and appealed from an order overruling it.

It is alleged in paragraph 2 of the complaint, among other things, that on April 17, 1906, plaintiff and defendant entered into an agreement by which the plaintiff agreed to purchase and did purchase from defendant, and defendant agreed to sell and did sell to plaintiff, twenty four hundred acres of land in the province of Saskatchewan, Canada, which is described, for the agreed price of $19,200, to be paid as follows: $4,800 at the time of making the contract, and the balance, with interest, on or before five years from that date. Paragraph 3 alleges that at the time the contract was entered into plaintiff paid to defendant the first instalment of the purchase price, viz., $4,-800. In paragraph 4 we find the following: "Defendant further agreed with the plaintiff that it would, within a reasonable time, furnish to the plaintiff such proper writings, contracts, or conveyances as should be sufficient to invest the plaintiff with a valid title thereto in fee simple upon the completion of the payments as provided in the original contract of purchase." The complaint then further alleges that the plaintiff has been at all times ready to execute and perform the contract in accordance with its terms, but that defendant has failed "and definitely and specifically refused to perform" the same, and "has declared its inability to do so"; that it has refused to convey or cause to be conveyed to plaintiff the land so purchased, or to take any steps necessary to the performance of the contract. Other allegations have reference to the damages alleged to have been suffered by plaintiff and are not material to the substantial questions presented by the demurrer.

Three points are made in support of the contention that the complaint fails to state a cause of action, viz.: (1) That there is no allegation that plaintiff tendered to defendant the balance of the purchase

money, which it is claimed is not waived in cases of this kind by the vendor's renunciation of the contract before performance is due; (2) that no renunciation of the contract is charged, that at most a mere refusal to perform is pleaded, and that this is not sufficient to authorize an action for damages before performance is due, in the absence of tender by the vendee; and (3) that the measure of damages, if a right of action is shown by the complaint, is the difference between the unpaid purchase price of the land and the market value thereof "at the time of the breach," and that the complaint contains no allegations showing the date of the breach, nor any allegation of the value of the land when it occurred. The allegations of the complaint on this subject are in substance that since the contract was entered into the land has increased from $8, the purchase price, to $15 per acre, and that "it now is" worth the latter sum.

The complaint is somewhat indefinite and uncertain in some respects; but it is sufficient as against the demurrer. The second paragraph distinctly and clearly alleges that the parties entered into an agreement by which defendant sold to and plaintiff purchased the land, and that plaintiff paid upon the purchase price the sum of $4,800. Nothing appearing to the contrary, we are bound to assume that the contract was in writing and valid in law, and that it conferred upon plaintiff the right to the possession of the land purchased. The only uncertainty disclosed is found in the allegation of the fourth paragraph quoted in full. Just what papers, writings, contracts, or conveyances are intended to be there referred to is not made clear. But, whatever may be the proper construction of that portion of the complaint, it is certain that those allegations do not negative or impair the affirmative allegations of paragraph 2, by which the contract of sale is distinctly shown. Construing the complaint as a whole, we hold, therefore, that it states facts sufficient to constitute a cause of action, unless some of the specific objections made by the defendant are well founded.

1. The principal contention of defendant is that, to give rise to a cause of action for the breach of an executory contract for the sale of land of the character of the one here under consideration, a tender of the purchase money must be made by the vendee, and that, inasmuch as no such tender is pleaded, plaintiff cannot recover. In other words, it is insisted that the refusal of the vendor to perform before

performance is due does not waive the obligation of the vendee to make the proper tender, even though the refusal amounts to a renunciation of. the contract.

The contention is not without supporting authorities; but, whatever may be the rule in other states on the subject, the position of defendant is not sustained by the decisions of this court. It was held in Alger-Fowler Co. v. Tracy, 98 Minn. 432, 107 N. W. 1124, that where one party to an executory contract, before the performance is due, expressly renounces the same and gives notice that he will not perform it, his adversary, if he so elects, may treat the renouncement as a breach of the contract and at once bring an action for damages—citing 3 Page, Cont. 1437–1439; 9 Cyc. 698; 2 Mechem, Sales, §§ 1087–1090; Roehm v. Horst, 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953. Though the question of tender was not involved in that case, the principle there announced controls the case at bar; for if the contract may on such a refusal of performance be treated as broken and finally ended, and an action at once brought for damages, no tender of performance by the other party could logically be required. The unconditional refusal of performance renders the tender an idle ceremony, and the failure to make it would result in no detriment to the party who refuses to perform. The case referred to is supported by Brown v. Eaton, 21 Minn. 409; Johnston v. Johnson, 43 Minn. 5, 44 N. W. 668; Vaughan v. McCarthy, 59 Minn. 199, 60 N. W. 1075; McGuire v. J. Neils Lumber Co., 97 Minn. 293, 297, 107 N. W. 103.

But the question of tender in such cases has been fully settled by our decisions. The case of Gill v. Newell, 13 Minn. 430 (462), involved an executory contract for the sale of land, which, as in the case at bar, before the deferred purchase money payments became due, the vendor repudiated and refused to perform. The action was to enforce specific performance, and the court held that a tender by the vendee of the balance due was not necessary as a condition precedent to bringing the action. In the course of the opinion the court said, in substance, that the refusal of the vendor before the maturity of the deferred payments superseded the necessity of a tender by the vendee, as the repudiation was virtually a refusal of the

tender, if made, and neither law nor equity requires the performance of an unnecessary act. The contract was ordered performed upon payment by the vendee.

Though that was an action for specific performance, it cannot on principle be differentiated from a case like that at bar, where the refusal is treated by the vendee as a termination of the contract, and he elects to proceed for damages, instead of performance. The same rule was applied in Johnston v. Johnson, supra, and in Vaughan v. McCarthy, supra, and is sustained by Hunt, Tender, § 55, where the author states that the general rule that a tender before action is necessary where the acts to be performed by the respective parties are concurrent applies to cases where there is merely a refusal to perform, not amounting to a renunciation. "It does not apply to cases where the party who is to receive the thing or service, before the time for performance, makes any declaration which amounts to a repudiation or rescission of the contract. * * * "—citing Bunge v. Koop, 48 N. Y. 225; Dixon v. Oliver, 5 Watts, 509; Lowe v. Harwood, 139 Mass. 133, 29 N. E. 538; Bluntzer v. Dewees, 79 Tex. 272; Maxon v. Gates, 112 Wis. 196, 88 N. W. 55; McPherson v. Fargo, 10 S. D. 611, 74 N. W. 1057, 66 Am. St. 723. See also Kuhlman v. Wieben, 129 Iowa, 188, 105 N. W. 445, 2 L. R. A. (N. S.) 666. As suggested by this author, the refusal to perform must in effect be an unqualified renunciation or repudiation of the contract. A mere refusal, not of that character, will not obviate the necessity of a tender. Sennett v. Shehan, 27 Minn. 328, 7 N. W. 266; Wyvell v. Jones, 37 Minn. 68, 33 N. W 43, cited and relied upon by defendant's counsel, each involved a mere refusal, not shown to have amounted either to a renunciation or repudiation of the contract; and if the complaint before us shows a definite and unqualified renunciation, they are not here in point. Nor was it necessary that plaintiff affirmatively allege his ability to perform his part of the contract. It alleges his willingness to perform, and that is sufficient. Hunt, Tender, § 56; Lowe v. Harwood, 139 Mass. 133, 29 N. E. 538; note to Miller v. Cameron (45 N. J. Eq. 95) 1 L. R. A. 554. It follows from what has been said that, if the complaint in the case at bar shows in point of substance a renunciation or repudiation of the contract in question, no

tender was necessary, and the pleading is not fatal for the failure to allege one.

2. Upon the question whether the complaint brings the case within the rule stated little need be ,said. It alleges that defendant has "failed and definitely and specifically refused to perform its contract and has declared its inability to do so," and that it has refused to convey, or caused to be conveyed, the land to plaintiff, or to take any step or steps looking to the performance of its obligations. These allegations, in our opinion, present something more than a mere refusal to perform, and are, as against a demurrer, sufficient to show an unqualified repudiation of the contract within the rule which we here apply.

3. It is further claimed that the complaint is defective, in that it does not allege or show the value of the land at the time of defendant's repudiation of the contract. The complaint is indefinite in this respect, and might have been stricken out or ordered amended on motion; but the objection is not properly raised by demurrer. Spottswood v. Herrick, 22 Minn. 548; Steenerson v. Great Northern Ry. Co., 64 Minn. 216, 66 N. W. 723; Partridge v. Blanchard, 23 Minn. 69; Dunnell's Pl. 404–466.

Order affirmed.