## TAYLOR v. KAUFMAN. (No. 6799.)*

(Court of Civil Appeals of Texas. Austin. Nov. 5, 1924. Rehearing Denied Dec. 10, 1924.)

**1. Specific performance ⬅97(3)—Mode of tender immaterial in action for specific performance, where defendant was refusing it in any event.**

In action for specific performance of a contract to convey a lot for $500, that court permitted plaintiff, while on witness stand, to tender for first time $400 in cash, and after defendant had rested to tender an additional $100, did not constitute error, where defendant was refusing tender in any event, and plaintiff was ready, able, and willing to pay purchase price for property.

**2. Specific performance ⬅97(3)—Plaintiff's tender in court of part of purchase price sufficient, where balance in defendant's hands through his agent.**

In action for specific performance of contract to convey a lot for $500, plaintiff's tender of $400 in court sufficient, where $100 was in possession of defendant through his agent by whom sale was made and defendant had never offered to return it to plaintiff.

**3. Vendor and purchaser ⬅134(1)—Contract to convey lot breached by vendor refusing to convey, unless plaintiff assumed paving lien in addition to agreed price.**

Contract to convey lot was breached by defendant, where plaintiff on examination of title called defendant's attention to an asserted paving lien against property and asked that such cloud on title be removed, and defendant refused to convey property, unless grantee assumed such lien in addition to purchase price agreed on.

**4. Vendor and purchaser ⬅134(1)—Vendor's refusal to convey unless purchaser assumed lien in addition to agreed price, not justified by ignorance of lien when contract made.**

In action for specific performance of contract to convey a lot which defendant refused to convey, unless plaintiff assumed an asserted paving lien against property in addition to agreed price that defendant did not know that such lien existed when he made contract was no defense.

**5. Specific performance ⬅97(3)—Plaintiff's offer to accept deed and tender of purchase price held sufficient.**

Where defendant refused to convey lot, unless plaintiff assumed paving lien asserted against property in addition to agreed price, and, after suit was filed and before trial, paid paving debt, plaintiff's offer to accept deed as originally drawn and tender of purchase price agreed on was sufficient.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by Samuel Kaufman against J. H. Taylor. From an adverse judgment, defendant appeals. Affirmed.

Tom Whipple, of Waxahachie, for appellant.

J. W. Stitt, of Fort Worth, for appellee.

BAUGH, J. J. H. Taylor, who resided at Waxahachie, in Ellis county, Tex., acting through W. B. Renfro, as his agent, in May, 1922, contracted to sell to Samuel Kaufman, who resided at Fort Worth, Tex., for a cash consideration of $500, lot No. 20, block 97, of North Fort Worth, Tex. On May 26, 1922, he sent his deed to this property, with an abstract of title attached to a draft for $500 on W. B. Renfro, to the Guaranty State Bank at Fort Worth, with instructions to allow Kaufman 8 or 10 days to have the abstract of title examined. Upon examination of the title Kaufman's attorney notified Taylor that there was an outstanding lien against this lot to secure a debt for $335.27 due a paving company for paving the street in front of the property, and asked Taylor to authorize the deduction from the $500 draft of a sufficient amount to pay this paving debt, and to instruct the bank to deliver the deed and remit the balance. Taylor declined to do this, and wrote his agent Renfro that, unless Kaufman would pay the paving debt in addition to his draft for $500, he would consider the matter closed and instruct the bank to return the draft and the deed. These instruments were returned to Taylor sometime in June, 1922. On July 2, 1922, Kaufman sued Taylor for specific performance of his contract to convey this lot, and pleaded tender of the purchase price into court. Taylor answered by general denial, and pleaded collusion and fraud between Kaufman and Renfro, his agent, in concealing from him the fact, which he alleged was unknown to him at the time he made the contract, that the street in front of his property had been paved.

The case was tried to the court without a jury. Plaintiff Kaufman tendered into court upon the trial $500 in cash as purchase money, and the court rendered judgment allowing the defendant Taylor 15 days in which to make a proper conveyance to Kaufman, and provided that, in the event he failed to do so within that time, title to the lot bevested in said Kaufman by force of said decree. From this judgment against him Taylor, defendant below, brings this appeal.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
* Writ of error dismissed for want of jurisdiction February 4, 1925.

## Opinion.

Appellant brings four assignments of error. The first two urge error of the court in permitting Kaufman while on the witness stand to tender into court for the first time $400 in cash; and, second, in permitting him, through the witness Renfro, after the defendant had rested, to tender into court an additional $100 which Kaufman had paid to said Renfro as agent of Taylor when the contract of sale was made.

[1, 2] There was no error in this. Taylor was not entitled to receive the money until he furnished Kaufman with a deed to the property. This he had refused to do and was still refusing to do. He was refusing to accept the tender in any event. In such case it was not necessary to make actual tender into court, where he had pleaded and shown that he was ready, able, and willing to pay the purchase price for the property. 38 Cyc. 134; Bluntzer v. Dewees & Hinkle, 79 Tex. 272, 15 S. W. 29; Terrell et al. v. Proctor (Tex. Civ. App.) 172 S. W. 996; White v. Dennis. (Tex. Civ. App.) 220 S. W. 161. But we think the tender into court, taken in connection with the pleadings, was sufficient anyway. Weaver v. Nugent, 72 Tex. 272, 10 S. W. 458, 13 Am. St. Rep. 792. The tender of $400 by Kaufman would have been sufficient. The $100 tendered on the trial was in the possession of Taylor, through his agent, Renfro, and he had never offered to return it to Kaufman. It was therefore immaterial whether it was tendered into court at all. These assignments are overruled.

The third assignment asserts error in the judgment of the trial court on the ground that there was insufficient evidence to show the existence of any kind of a paving lien on defendant's property. And by his fourth assignment appellant insists that the court erred in overruling his motion for a new trial on the ground that the abstract of title furnished and duly certified by the abstract company showed conclusively that there was no valid and outstanding lien against the property which was to be conveyed. His contention being that Kaufman breached the contract by refusing to pay the draft and accept the deed as sent, which conveyed a good title, free from incumbrances, and that he could not thereafter complain.

[3-5] There are no findings of fact nor conclusions of law made by the trial court. The statement of facts fails to disclose competent evidence as to the validity or invalidity of the asserted paving lien. Nor does it appear that the appellee, Kaufman, breached his contract or refused to accept the deed. Upon his examination of the title Kaufman's attorney called Taylor's attention to an asserted paving lien on the property to secure a paving debt claimed against Taylor, in the sum of $335.27, and asked that this cloud upon the title be removed. Thereupon Taylor neither denied the validity of the lien nor that he owed the debt, but wrote his agent Renfro as follows:

"You can take the matter up with Mr. Kaufman and his attorney, and, if they will not pay the price that was agreed to be paid plus the paving, I will consider the matter closed and you can instruct the bank to return to me the deed, abstract, and affidavits, and you can take any action you see fit concerning the forfeit that was up."

If the objection raised by Kaufman's attorney had been frivolous or of no consequence, or if Taylor had declined to remove it on the ground that no lien existed, or that the claim was invalid, and had stood by his original contract on the ground that he was conveying to Kaufman a good title, free from incumbrances, a different question would be presented. But the effect of his letter was to admit that the objection made to the title by Kaufman's attorney was good, and, if so, it was his duty to remove it. His reply to the objection, however, was that when he made the contract he did not know that such claim existed. This was no defense against it. In demanding that Kaufman pay it off, in addition to the $500 for which he agreed to convey the property, Taylor admitted that it was valid, and at the same time demanded a consideration for the conveyance additional to that provided in the express contract. Upon failure of Kaufman to pay this additional consideration, he refused to convey. This constituted a breach of his contract for which he was liable. The plaintiff elected to sue for specific performance, which was his privilege. After suit was filed, and before the trial, Taylor did pay the paving debt and remove the objection raised. Thereupon the plaintiff amended his pleadings, offered to accept the deed as originally drawn, and tendered into court upon the trial the purchase price. This was sufficient.

We find no error in the judgment of the trial court, and it is affirmed.

Affirmed.