## WILLIAM J. SEXTON v. E. J. AND A. W. BAEHR.[1]

March 13, 1942.

No. 33,222.

*Charles F. Noonan,* for relators.

*Forbes & Olson,* for plaintiff-respondent and the Honorable Alfred L. Thwing.

GALLAGHER, CHIEF JUSTICE.

The alternative writ of *mandamus* issued out of this court on the 24th day of February 1942, commanding the judges of the district court of Beltrami county to direct Beatrice Haley, clerk of court of that county, to transmit the files in an action entitled "William J. Sexton, Plaintiff, vs. E. J. and A. W. Baehr, co-partners doing business at Bemidji, Beltrami County, Minnesota, as the Bemidji Theatre, Defendants," to the clerk of the district court of Hennepin county pursuant to the provisions of Mason St. 1927, § 9215, or

[1] Reported in 3 N. W. (2d) 1.

show cause why they have not done so, is. hereby discharged and the application for writ of *mandamus* is denied.

The complaint in the action here involved alleges that from September 4, 1935, to October 15, 1937, plaintiff "rendered work, labor and services for the defendant at Bemidji, County of Beltrami, Minnesota, at their special instance and request, working during said period of time a total of 110 weeks"; that during said period he was under 21 years of age; that during said period there was in force and effect an order of the Industrial Commission of Minnesota, Division of Women and Children, establishing certain minimum wages due and payable to minors under 21 years of age and applicable to those employed in said city of Bemidji; that during all the period plaintiff worked for defendants the wages paid him therefor were substantially less than those fixed by said order; "that this action is one for work, labor and services rendered and performed by the plaintiff for the defendants; that said action is one for the recovery of wages; that all of the aforesaid work, labor and services were performed in the county of Beltrami, State of Minnesota, and that for that reason, pursuant to Sec. 9213, 2 Mason's Minnesota Statutes, 1927, the venue of said action is laid, claimed and demanded in Beltrami County, Minnesota." Plaintiff prays judgment against defendants for the amount of wages due him by virtue of the commission's order, less the amount paid him, together with interest, attorney's. fees, and the costs and disbursements of the action.

Defendants made due demand that the venue of the action be changed from Beltrami county to Hennepin county, where they reside. The clerk of court of Beltrami county refused to transmit the files to the clerk of Hennepin county, whereupon defendants procured an alternative writ of *mandamus* requiring her to transmit them or show cause for not doing so. Upon hearing, the trial court discharged the alternative writ and dismissed the proceedings.

Decision rests upon the construction of Mason St. 1927, § 9213, which reads:

"An action for the recovery of wages or money due for manual labor may be brought in the county in which such labor was performed; and when so brought the venue of such action shall not be changed to another county without the written consent of the plaintiff filed with the court."

Petitioners maintain that the statute applies only in cases where the performance of manual labor is involved. We agree with the conclusion of the trial court that such construction is too limited and was not intended by the legislature when the act was adopted. The statute first appeared in L. 1893, c. 67, the title of which is "An act relating to the change of place of trial of actions, commenced in any court of this state for wages, or money due for labor, or for the enforcement of liens for such labor." Section one of the act provided "that in any action hereafter commenced or pending in any court of this state, for wages, or money due for manual labor, or for the enforcement of any lien for such wages, or money, when such action is brought in the county in which such labor was performed, no change of the place of the trial thereof shall be had, without the express consent of the plaintiff in writing duly filed with said court."

The 1905 code (R. L. 1905, § 4094) changed the wording of the law to read as it now appears. In a revision a change in phraseology or punctuation is presumed to be intended to simplify the language of the prior act, not to change its meaning. 6 Dunnell, Dig. & Supp. § 8961; Bauman v. Metzger, 145 Minn. 133, 139, 176 N. W. 497. Prior to the revision, the law seems clear that the legislature intended to include all persons to whom wages were paid for labor, whether manual or otherwise. A legislative intent to change the substance of the law does not clearly appear from the language used in the revision. As a practical matter, it is hard to see any reason or basis for differentiating between the position of a manual laborer and, for example, a clerk, telegraph operator, or theater usher. In Boyle v. Vanderhoof, 45 Minn. 31, 32, 47 N. W. 396, in construing the title of an act exempting "wages of laborers" from garnishment, this court said:

"The act is intended to exempt, in general, wages earned by persons standing in the relation of servants or employes, and it is not limited to toilsome and unskilled labor merely, to which the term 'laborer' is more strictly and accurately applicable. The title is not carefully worded, but we think the word 'laborer,' as used in connection with 'wages,' may, in a general sense, be applied to employes other than working men engaged in manual labor, consistently with the provisions of the act. And that being so, the court will so construe it in connection with the language used in the body of the act, and will, if necessary, give it the broader signification in order to uphold the constitutionality of the law."

The term "wages" is defined as compensation given to a hired person for his or her services. Wages are the reward of labor. Gossen v. Township of Borgholm, 174 Minn. 227, 229, 218 N. W. 882.

We construe § 9213 to include all actions for the recovery of wages for labor regardless of whether the labor performed was manual or of a less toilsome nature. We do not believe that the legislature intended the section here involved to be given the narrow construction contended for by petitioners.

The venue of the action is properly in Beltrami county. The alternative writ is discharged and the petition denied.