## O. B. MORGAN v. TOM E. IBBERSON.[1]

May 28, 1943.

No. 33,463.

*Fred Sorenson,* for appellant.
*John A. Moore,* for respondent.

[1]Reported in 10 N. W. (2d) 222.

PER CURIAM.

This is an appeal from an order denying plaintiff's alternative motion for amended findings or a new trial.

On December 15, 1941, defendant took his cocker spaniel dog, which was suffering from a severe case of distemper, to plaintiff's pet hospital for treatment. There was no contractual arrangement to leave the dog there for any definite period of time. From defendant's testimony it appears that on December 24 his wife made arrangements to have the dog called for on the next day. Pursuant to such arrangement, on December 25 defendant made demand for delivery of the dog at 8:30 a. m. and was ready to pay the $11 admittedly owing for the keep of the dog up to that date. Upon plaintiff's refusal to deliver the dog to defendant, plaintiff was informed that he could keep it. Subsequently plaintiff sent no statement to defendant for the care of the dog, nor did he attempt to deliver it to him.

Plaintiff sued to recover for medical care, food, and shelter for the dog from December 15, 1941, to March 11, 1942. Defendant counterclaimed for the reasonable value of the dog. At the commencement of the trial plaintiff moved to file a supplemental complaint to include all accumulated charges to date, which request was denied. The court made findings of fact and conclusions of law awarding plaintiff the sum of $11 for the care of the dog from December 15 to December 25, 1941, and denying defendant any relief under his counterclaim.

Plaintiff complains that no effective demand for the delivery of the dog was made and that delivery was properly refused because the demand was not made during office hours. Defendant asserts that arrangements were made over the telephone on December 24 to call for the dog the next day. This was denied by plaintiff. Thus, there was presented the usual fact question, which was determined adversely to plaintiff. The evidence was such as to justify the court in finding that plaintiff wrongfully refused to deliver the dog on December 25 and that therefore there could be no valid claim for its care or keep subsequent to that date. From this finding it

follows also that no prejudice could result to plaintiff from the court's refusal to permit him to file a supplemental complaint.

Plaintiff also urges that a proper tender was not made. It is clear that a tender in the instant case would have been futile and useless. When defendant requested delivery of the dog plaintiff asserted that he had no right to demand delivery outside of office hours. There was no dispute as to the amount owing up to that time for the dog's care. The only objection plaintiff raised was that demand for delivery was not made during office hours. It is clear, therefore, that a tender would have been refused. A tender is unnecessary where it would be an idle ceremony. 6 Dunnell, Dig. & Supp. § 9612. Smith v. Jordan, 13 Minn. 246 (264), 97 Am. D. 232; Brown v. Eaton, 21 Minn. 409; Matteson v. U. S. & Canada Land Co. 103 Minn. 407, 115 N. W. 195; Ibs v. Hartford L. Ins. Co. 121 Minn. 310, 141 N. W. 289, Ann. Cas. 1914C, 798. When it is clear that a tender would have been refused, the law does not require the vain and useless act of making it. Ibs v. Hartford L. Ins. Co. *supra.* A tender is waived when the tenderee assumes any position which would render it, so long as such position is maintained, a vain and idle ceremony. Smith v. Jordan, *supra.*

Plaintiff's position, therefore, that the court should have held that a proper tender was not made is not well taken. Reviewing the evidence, it is clear to us that only issues of fact were presented, upon which there was sufficient evidence to sustain the court's findings. We conclude, therefore, that there is no merit to this appeal.

Order affirmed.