## EMMA WANGENSTEEN AND OTHERS v. NORTHERN PACIFIC RAILWAY COMPANY AND ANOTHER.[1]

October 13, 1944.

No. 33,798.

*T. H. Wangensteen* and *C. U. Landrum,* for appellants.

*L. B. daPonte* and *D. R. Frost,* for Northern Pacific Railway Company, respondent.

YOUNGDAHL, JUSTICE.

Plaintiffs brought an action in district court against defendants

[1]Reported in 16 N. W. (2d) 50.

for damages on account of a grass fire started by one of the locomotives of defendant railway on plaintiffs' property near Lake Park. At the time of trial, plaintiffs dismissed the action against defendant Carlson. The railway company admitted liability at the trial, and the case was submitted to the jury on the issue of damages alone. A verdict of $105 was returned for plaintiffs.

At the opening of the term on September 13, 1943, the case was set for trial on September 21. On September 14, defendant tendered to plaintiffs the sum of $125 and accrued costs in settlement of the action. Plaintiffs refused the tender, stating that they would not accept less than $250. The clerk taxed costs for plaintiffs, and defendant appealed. The district court disallowed plaintiffs' costs and ordered costs taxed in defendant's favor on the ground that prior to the trial defendant had made a tender to plaintiffs under Minn. St. 1941, § 546.41 (Mason St. 1927, § 9324), which was refused, and that the verdict returned was less than the amount of the tender. Plaintiffs appeal from the order and judgment entered pursuant thereto.

Plaintiffs assert that they are entitled to the costs for two reasons. First, because the tender was not timely made pursuant to §§ 546.40 and 546.41; and, second, because, in any event, the tender was inadequate, in that the actual amount of the accrued costs and disbursements was not tendered.

■ The tender was made several days before the trial but not ten days before the term at which the action stood for trial, as plaintiffs claim is required by the statutes. The sections in question have remained the same since the 1905 Revision. Section 546.40 deals with an offer of judgment, and § 546.41 pertains to the tender of money in tort actions.[2] Although § 546.41 is silent as to any

[2] "546.40 [9323]. OFFER OF JUDGMENT; COSTS. At least ten days before the term at which any civil action shall stand for trial the defendant may serve on the adverse party an offer to allow judgment to be taken against him for the sum, or property, or to the effect therein specified, with costs then accrued. If within ten days thereafter such party shall give notice that the offer is accepted, he may file the same, with proof of such notice, and thereupon the clerk shall enter judgment accordingly. Otherwise the

period of time when tender is to be made, plaintiffs contend that the two sections were interrelated in the Revision of 1905 with the intention of requiring the ten-day notice in tort actions as well as in cases where there is an offer of judgment. They frankly concede that prior to 1905 there might have been some question as to whether the ten-day notice was required in tort actions. It will be noted from the legislative history of these sections that § 546.40[3] had its origin in the territorial legislature of 1851. Section 546.41,[4] however, did not come into being until 26 years later, by L. 1877, c. 119. The provision of § 546.40 requiring the offer of judgment to be made "at least ten days before the term at which any civil action shall stand for trial" was first inserted in the 1905 Revision and was not in the statute when originally enacted. In Mansfield v. Fleck, 23 Minn. 61, the court held that, inasmuch as the statute required the acceptance to be made within ten days, the intention was that the offer of judgment must be made at least ten days be-

---

offer shall be deemed withdrawn, and evidence thereof shall not be given; and if a more favorable judgment be not recovered no costs shall be allowed, but those of the defendant shall be taxed in his favor.

"546.41 [9324]. TENDER OF MONEY IN LIEU OF JUDGMENT. If the action be for the recovery of damages for a tort, instead of the offer of judgment provided for in section 546.40, the defendant may tender a sum of money as damages or compensation, together with costs then accrued. If such tender be not accepted, the plaintiff shall have no costs unless he recover more than the sum tendered; and the defendant's costs shall be deducted from the recovery, or, if they exceed the recovery, he shall have judgment for the excess. The fact of such tender having been made shall not be pleaded or given in evidence."

[3]§ 546.40

R. S. Terr. 1851, c. 82, § 8.
Amendments, 1852 (found on p. 13 at end of R. S. 1851).
Pub. Stat. 1849-1858, c. 72, § VIII(8).
G. S. 1866, c. 66, § 241.
G. S. 1878, c. 66, § 259.
G. S. 1894, § 5405.
R. L. 1905, § 4196.

[4]§ 546.41

L. 1877, c. 119, §§ 1-2.
G. S. 1878, c. 66, §§ 260-261.
G. S. 1894, c. 66, §§ 5406-5407.
R. L. 1905, § 4197.

fore the term. The ruling in the Mansfield case could not apply to the forerunner of § 546.41, for it did not come into existence until March 6, 1877 (L. 1877, c. 119), almost nine months after the Mansfield decision. It was entitled: "An Act Regulating Costs and Disbursements in Certain Civil Actions." The two sections of this act[5] were carried into the 1878 and 1894 statutes without any verbal changes except headlines prefixed by the editor. In the 1905 Revision, however, they were consolidated as § 4197 with some change in phraseology.

It seems clear that prior to 1905 there was no requirement for the ten-day notice in tort actions. The question is whether, in the consolidation of the two sections into one, rewording them, and changing the headline in the 1905 Revision, it was the intention of the legislature to require the ten-day notice also in tort actions. In considering this question, reference may be had to the legislative history of the section and its general purpose. In Wipperman Merc. Co. v. Jacobson, 133 Minn. 326, 331, 158 N. W. 606, 608, the court stated:

---

[5]"SECTION 1. When in an action to recover damages for the commission of a tort, the defendant shall at any time before the trial of such action, tender to the plaintiff a sum of money as damages or compensation for such tort, and if such tender be made after the commencement of the action, in addition to such tender for damages for compensation, he shall also tender the costs and disbursements of the plaintiff then accrued, and the plaintiff in such action shall not recover a greater sum than the amount so tendered; the plaintiff shall recover no costs or disbursements, but shall pay the defendant's costs and disbursements. The fact of such tender having been made shall not be pleaded nor given in evidence to the court or jury.

"SEC. 2. In all such actions, when such tender shall be made and the plaintiff fails to recover a greater sum than the amount of such tender, if the amount of such recovery and the costs and disbursements accrued and tendered exceed the amount of the defendant's costs and disbursements, the court shall enter judgment against the defendant for such excess. If the amount of the defendant's costs and disbursements exceed the amount recovered by the plaintiff, and his costs and disbursements accrued and tendered, the court shall enter judgment against the plaintiff for such excess."

"In construing the revised laws reference may be had to the report of the commission which drafted them, as the legislature undoubtedly gave weight to such report in enacting them. Reference may also be had to the history of the law and the purpose sought to be accomplished thereby."

The change in the headline under the circumstances here does not indicate an intention to change the law. We have held that the headlines are not a part of the act. Bond v. Pennsylvania R. Co. 124 Minn. 195, 202, 144 N. W. 942, 945. Neither does it seem to us that the change in phraseology in the section itself indicates such an intention.

The law favors compromise of cases and encourages the ending of litigation. Any law which has for its salutary and beneficent purpose the accomplishment of this end should not be strictly construed. A statute of this kind is to be liberally construed so as to enable parties to avoid costs of litigation. In Woolsey v. O'Brien, 23 Minn. 71, 72, it was said:

"* * * A statute the object of which is to enable parties to avoid the cost of litigation is a beneficial one, and ought to be liberally construed in furtherance of its object."

It is to be observed that in the 1905 Revision the statement "at least ten days before the term" was inserted by the revisers to comply with the supreme court opinion in the Mansfield case, and the revisers' comment which accompanied the proposed revision is significant:

"Sec. 140 ('94-5405). 'At least ten days before the term' has been inserted as a reasonable limitation. See 23 Minn. 61." (Report of Statute Revision Comm. p. 32.)

It will also be noted that no comment was made as to the forerunner of § 546.41 except to indicate that it was a recast of §§ 5406 and 5407 of G. S. 1894. In construing revised laws, reference may be had to the report of the commission which drafted them. Wipperman Merc. Co. v. Jacobson, *supra*. The commission was significant-

ly silent as to § 546.41, while it made special comment as to § 546.40. If it had been the intention of the commission to recommend the change, it seems to us that some comment would have been made accordingly. If the legislature itself intended to make the change by the Revision of 1905, the intention could have been easily and simply expressed. Absent such an expression, we feel that we would be indulging in judicial legislation if we now held that a ten-day notice is required in tort actions. The presumption is that no change is intended in existing law by a revision unless the contrary appears from its language. Wipperman Merc. Co. v. Jacobson, *supra*.

In State ex rel. Decker v. Montague, 195 Minn. 278, 284, 262 N. W. 684, 687, Mr. Justice Olson, speaking for the court, said:

"So we find that it is a generally accepted rule of statutory construction that a revision of existing statutes is presumed not to have changed their meaning, even if there be phraseological alterations, *unless an intention to change clearly appears from the language of the revised statute when considered in connection with the subject matter of the act and its legislative history.*"

See, also, 6 Dunnell, Dig. & Supp. § 8961; Champ v. Brown, 197 Minn. 49, 266 N. W. 94; and Sexton v. Baehr, 212 Minn. 205, 207, 3 N. W. (2d) 1, 2, where we said:

"* * * In a revision a change in phraseology or punctuation is presumed to be intended to simplify the language of the prior act, not to change its meaning."

Plaintiffs' contention is that, because L. 1877, c. 119, the forerunner of § 546.41, was repealed by R. L. 1905, § 5530, R. L. 1905, § 4197 (§ 546.41), was a new enactment interrelated to § 4196 (§ 546.40) so as to require the ten-day notice in tort actions as well as in offers of judgment. This contention seems to us to be effectively and completely answered in State v. Barnes, 108 Minn. 230, 233, 122 N. W. 11, where the court held that even though a prior statute had been expressly repealed by R. L. 1905, but one of its sections was incorporated into the new code substantially the

same as the section was in the old law, the new provision must be held to be a continuation of the old one under § 5508 of the Revision, which provides:

"The provisions of the Revised Laws, so far as they are the same as those of existing statutes, shall be construed as continuations thereof, and not as new enactments."

See, also, 1 Lewis's Sutherland, Statutory Construction (2 ed.) § 134; 59 C. J., Statutes, § 495; Sexton v. Baehr, *supra*.

We therefore conclude that § 546.41 does not require the tender to be made ten days before the term as is required in offers of judgment under § 546.40.

■ Plaintiffs assert that the tender was inadequately made because defendant made no actual tender of the costs and disbursements. The order of the trial court shows that defendant made a tender of $125 and accrued costs, and that the agent of the company had sufficient money on his person to pay the necessary costs then accrued and was prepared to do so, but plaintiffs refused the tender, stating that they would not accept less than $250. We do not believe plaintiffs are now in a position to complain of lack of formality in the tender of costs. They made their position clear that they would not accept less than $250. They made no objection that the specific costs and disbursements were not being tendered. They made no effort to disclose the exact amount of their disbursements, which were known only to them. Even had defendant known the exact amount of the costs and disbursements, the tender would have been unavailing. In complying with the formalities of a tender, one is not required to do the useless and futile thing. Morgan v. Ibberson, 215 Minn. 293, 10 N. W. (2d) 222; Gassert v. Anderson, 201 Minn. 515, 276 N. W. 808; Vogt v. Ganlisle Holding Co. 217 Minn. 601, 608, 15 N. W. (2d) 91, 95.

We agree with the trial court that a "plaintiff cannot prevent the formalities of a tender and decline it, only to assert those unfinished formalities after an adverse recovery has been had." It is clear to us that plaintiffs here waived the formality of any fur-

ther tender in connection with the costs and disbursements by insisting upon the sum of $250 as a minimum settlement.

Affirmed.