# IN THE COURT OF APPEALS OF IOWA

No. 16-0418
Filed September 27, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**NICHOLAS LOUIS KONZEN,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Dubuque County, Mark T. Hostager, District Associate Judge.

     A defendant appeals his convictions asserting the district court should not have denied his motion to suppress evidence.  **AFFIRMED.**

     Nathan D. Runde and Jeffrey E. Hiatt of Clemens, Walters, Conlon, Runde & Hiatt, L.L.P., Dubuque, for appellant.

     Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

     Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Nicholas Konzen was found guilty, following a bench trial on the minutes of evidence, of possession of a controlled substance—marijuana—and possession of drug paraphernalia. On appeal he claims the district court incorrectly denied his motion to suppress the evidence discovered in the warrantless search of his vehicle because the police officers lacked probable cause and exigent circumstances did not exist. Because we agree with the district court that the automobile exception applies to the facts of the case, we affirm the court's denial of Konzen's motion to suppress.

An officer stopped Konzen's vehicle for an expired registration. Upon interacting with Konzen, the officer smelled the odor of marijuana coming from inside the vehicle. Over the officer's sixteen years of experience working for the police department, the officer had specific training and extensive experience detecting the smell of marijuana. Backup officers arrived and also detected the odor of marijuana coming from the vehicle. Konzen's car was searched, and marijuana and a pipe were found. Konzen was arrested and charged.

Konzen filed a motion to suppress the marijuana and pipe found during the search of his vehicle. After a hearing, the district court denied the motion. He then stipulated to a bench trial on the minutes of evidence. The court found him guilty as charged and sentenced him to 120 days in jail—suspended—and two years of probation. He appeals contesting the district court's denial of his motion to suppress.

Warrantless searches are per se unreasonable unless they fall within the carefully drawn exceptions to the warrant requirement. *State v. Gaskins*, 866

N.W.2d 1, 7 (Iowa 2015). One of those exceptions is probable cause coupled with exigent circumstances, which is termed the automobile exception when applied to motor vehicles. *State v. Storm*, 898 N.W.2d 140, 145 (Iowa 2017). Konzen asserts the smell of marijuana emanating from his vehicle alone does not provide probable cause to search his vehicle. In addition, he asserts the inherent mobility of vehicles should no longer provide the basis for exigent circumstances to search. He asks the Iowa courts to "re-evaluate the 'automobile exception' and find it incompatible with the Iowa Constitution." In light of the recent controlling Iowa precedent, we decline Konzen's invitation.

Contrary to Konzen's contention, Iowa Courts have held "a trained officer's detection of a sufficiently distinctive odor, *by itself* or when accompanied by other facts, may establish probable cause." *State v. Watts*, 801 N.W.2d 845, 854 (Iowa 2011) (emphasis added); *State v. Eubanks*, 355 N.W.2d 57, 59 (Iowa 1984) ("[T]he patrolman clearly had sufficient probable cause to search the vehicle and its contents. The patrolman smelled the odor of marijuana drifting from the car when he approached defendant, who was seated behind the steering wheel. The odor of that controlled substance in the automobile gave the patrolman reasonable cause to conduct a comprehensive search of the car."). Thus, the officer's detection of the odor of marijuana emanating from Konzen's vehicle was sufficient, by itself, to provide the probable cause to search the vehicle.

In addition, when recently faced with the question of the continuing viability of the automobile exception in Iowa, our supreme court stated: "The inherent mobility of motor vehicles satisfies the exigent-circumstances

requirement." *Storm*, 898 N.W.2d at 145. "The exigency inherent in vehicle search cases is not necessarily dependent on whether the driver or passenger remains in or exits from the car before or during the search." *Eubanks*, 355 N.W.2d at 60. Because our supreme court recently decided to "elect to retain the automobile exception, consistent with our precedent, federal caselaw, and the overwhelming majority of other states," *Storm*, 898 N.W.2d at 142, we affirm the district court's denial of Konzen's motion to suppress. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

**AFFIRMED.**