### ELISHA FAY v. BENJAMIN OLIVER.

An absolute contract for the sale of land, where there has been a part execution of the contract and the parties cannot be placed *in statu quo*, cannot be rescinded, unless by the mutual assent of the parties. And the refusal of the vendor to convey the title to the vendee, for the alleged reason that the vendor has not fully performed the contract upon his part will not, in such case, authorize the vendee to rescind the contract.

A contract rescinded *ab initio* as to part, and at the election of one party, must be wholly rescinded.

Where the plaintiff contracted to purchase of the defendant two parcels of land, at the price of three hundred dollars, and the defendant executed a conveyance of one parcel at the time, and stipulated that he would convey the other parcel after receiving payment for both, it was held, that it was an entire purchase, and must be rescinded as to both parcels, if at all, notwithstanding it appeared that the parties, in their negotiation, referred two thirds of the purchase money to one of the parcels, and the remainder to the other.

INDEBITATUS ASSUMPSIT, for money had and received. Plea, the general issue, and trial by jury, April Term, 1847,—ROYCE, CH. J., presiding.

On trial the plaintiff gave evidence tending to prove, that on the twentieth day of March, 1839, he contracted to purchase of the defendant two parcels of land in Sutton, Canada East,—one a tract of fifty acres, and the other called the old place, or farm; that the defendant then executed to the plaintiff a quitclaim deed of the old farm; and that the parties then mutually executed an agreement in writing, in these words,—"I, Benjamin Oliver, of," &c., "firmly 'bind myself, my heirs and assigns, in the sum of one hundred 'pounds, currency of this province, to deed or cause to be deeded ' unto Elisha Fay, of Sutton aforesaid, that tract or parcel of land, ' being the north fifty acres of the south half of lot No. 11 in the 'north range of lots in said Sutton, as the same is in proportion to ' the whole lot. The conditions of the above bond are such, that if ' the said Elisha Fay do well and faithfully pay or cause to be paid ' unto the said Benjamin Oliver the sum of seventy-five pounds, cur- ' rency, to be paid in yearly instalments of fifty dollars per year,— ' the last of which payments will be due the first of April, 1844,— ' then this is to remain in force and virtue, according to law; and

Fay *v*. Oliver.

' if not so paid, to be null and void and of no effect." This agreement was not under seal.

The plaintiff also gave evidence tending to prove, that he delivered to the defendant, at the time, a yoke of oxen, at $65,00, towards the price, and gave his notes for $235,00, for the balance, and that he had since paid, or taken up, the notes; that he afterwards demanded of the defendant a deed of the fifty acres, and the defendant refused to execute a deed,—alleging that he had not been fully paid; and that on the first of April, 1846, he gave notice to the defendant, that he rescinded the contract, as to the fifty acres, and demanded a repayment of what he had paid therefor. This action was brought to recover the amount so paid.

The defendant offered evidence tending to prove, that the seventy five pounds (or $300,00) specified in the written contract, was the price agreed upon for both parcels of land,—namely, two hundred dollars for the fifty acres, and one hundred dollars for the defendant's interest in the old farm. This evidence was objected to by the plaintiff, as contradicting the writing, but was admitted by the court. The plaintiff introduced evidence tending to prove, that the seventy five pounds was the price of the fifty acres only. It was conceded, that the plaintiff still claimed and possessed the old farm, under the purchase from the defendant; and the defendant gave evidence tending to prove, that the plaintiff continued to possess and enjoy the fifty acres until long after the commencement of this suit; —but the plaintiff's evidence tended to prove, that he discontinued all possession of the fifty acres at the time of giving notice that he rescinded the contract.

The defendant insisted, that this action would not lie. But the court, *pro forma*, directed the jury, that the action would lie, if they found, that the plaintiff had fully paid the three hundred dollars, and had demanded a deed, and that the defendant had refused to execute a deed, and that the plaintiff, afterwards, and before the commencement of this suit, had given notice to the defendant that he rescinded the contract as to the fifty acres, and that he had immediately thereupon abandoned the fifty acres and discontinued all possession and use of the same. The jury returned a verdict for the plaintiff, for two hundred dollars, with interest from the time he gave notice that he rescinded the contract. Exceptions by defendant..

---

Fay *v.* Oliver.

---

*Smalley & Beckwith* and *H. E. Royce* for defendant.

The case shows, that the contract had been in part executed. The plaintiff had taken possession of the land, and occupied it until the commencement of this suit, and we believe the law is well settled, that, when a written contract for the purchase of real estate has been entered into, and possession taken under it, the party, who has had the possession, cannot, upon failure of the other party to execute conveyances, as stipulated in the contract, treat the contract as rescinded and sustain *indebitatus assumpsit* to recover back the consideration paid; but in such a case he must seek his remedy by an action upon the contract. *Hunt* v. *Silk,* 5 East 449. *Reed* v. *Blandford,* 2 Y. & J. 278. Chit. on Cont. 623. But if the plaintiff could, in any event, rescind the contract, it is insisted, that, as the case shows that the contract for the purchase of the fifty acres and of the old farm was one entire transaction, the plaintiff could not treat the contract as rescinded for the purchase of the fifty acres, and yet claim the old farm under the contract. If the contract is rescinded at all, it must be *in toto.* The notice given in relation to the fifty acres should have extended to the old farm; and the plaintiff should have discontinued possession of that and tendered to the defendant a re-conveyance of the same, of as high a nature as that received from the defendant, before he could treat the contract as rescinded and sustain the present action.

The contract could not be rescinded, unless the parties could be placed *in statu quo.* The plaintiff retained possession of the land, under the contract, for a number of years; and it can hardly be said, that, by discontinuing possession of the same after such a length of time, if he is now allowed to recover the consideration paid, with interest from that time, the defendant will be left in the same or as good condition, as at the time when he entered into the contract. *Hunt* v. *Silk,* 5 East 449. Chit. on Cont. 743.

*H. R. Beardsley* and *J. S. Royce* for plaintiff.

The conduct of the defendant, in refusing to deed, on request, authorized the plaintiff to rescind the contract, or, at least, left him at liberty to treat the contract as ended, or not, at his election, and either sue for the money paid, or declare directly upon the contract. *Weaver* v. *Bently,* 1 Caine 47. *Green* v. *Green,* 9 Cow. 46. *Sut-*

ton v. *Estate of Sutton*, 13 Vt. 71.  *Stow* v. *Stevens*, 7 Vt. 27.
*Giles* v. *Edwards*, 7 T. R. 181.  1 Dal. 428.  If the defendant had
put it out of his power to convey, by a conveyance to a third person,
we apprehend the plaintiff might well maintain this action ; and we
are unable to see any sound distinction, in principle, between such
a case and the one at bar.

The opinion of the court was delivered by

ROYCE, Ch. J.  The plaintiff's objection to the admission of
certain parol evidence in the court below has not been alluded to in
the argument here, and will be treated as waived.

The question to be determined is, whether the plaintiff had a
right, under the circumstances appearing in the case, to rescind his
contract of purchase as to the fifty acres, and resort to this general
action to recover back the consideration paid.  His right is con-
tested on two grounds ;—1, That no rescision could be allowed, un-
less by mutual assent, because there had been a part execution of
the contract, and the parties could not be placed in *statu quo ;*—2,
That the contract was entire, embracing as well the old farm as the
fifty acres, and that, if rescinded at all, the rescision must have been
entire, and not merely as to the fifty acres.

In considering these objections, it is necessary to keep in view an
obvious difference between the contract in this instance, and those
contracts for the sale, or exchange, of personal property, which are
to be executed by a delivery in parcels through a period of time ;
or, as sometimes expressed, where the contract is continuous.  For
in such cases it often happens, that the portions delivered are soon
consumed, or disposed of, and cannot be restored.  And hence
many cases of this description have occurred, where, for causes ac-
cruing during the progress of execution, one party has been per-
mitted to rescind the contract, without any restoration of what had
been delivered or received under it.  Of this class was the case of
*Tyson* v. *Doe*, 15 Vt. 571.  Neither have the cases, where con-
tracts for service have been rescinded, any general application or
analogy to the present.  This was a contract of sale, where the
property sold necessarily remained in a state to be the subject of re-
conveyance, or other disposition, and where the parties were not

disabled to carry the contract into complete execution, or mutually to rescind it. There is no appearance of fraud on either side in procuring or concluding the contract. Nor was it a case, where the contract professed to reserve to one party the right to put an end to it, nor where it was subject to any express or implied condition, the breach of which would confer such a right. It is obvious, therefore, that, on common principles, one of the parties could no more rescind the contract, without the other's express or implied assent, than he alone could have made it. And hence we find it laid down as a rule, that "one party cannot, without the assent of the other, rescind an absolute contract of sale." Long on Sales 137.

But it is said to be a rule, also, that, if one party to a special contract not under seal refuses to proceed in the execution and fulfilment of it, such refusal is tantamount to an assent to its dissolution, and will authorize the other party to rescind it. And that this may be generally true, in the cases to which I first adverted, especially when refusal on one side has operated as prevention on the other, and even in all cases, where the situation of the parties in reference to the property has not been changed by a part execution of the contract, and the interest of no third person is to be improperly affected, we have no occasion to controvert. But that mere refusal has always this effect, and without regard to the condition in which the parties are to be left, I am by no means prepared to admit. If, however, the rule could be received with as universal an application, as Mr. Smith would seem to give it in his notes to *Cutler* v. *Powell*, 6 T. R. 320, (2 Smith's Leading Cases 14,) it should, at least, appear that the refusal was in no way qualified, but absolute. *Lines* v. *Rees*, 1 Har. Dig. 372. It should substantially amount to an avowed determination of the party *not to abide by the contract.* But here there was nothing like such a determination expressed by the defendant, though he refused to deed the fifty acres when required so to do. He did not say he would *never* give the deed, but refused to give it *then,* on the alleged ground, that the plaintiff's notes had been taken up without full payment. *This* rather implied a willingness to fulfill the contract, on reciving the balance which he claimed to be unpaid. And though the jury found against his claim, it may nevertheless have been asserted in good faith, and may have formed a principle subject of controversy in the trial.

But to come to the precise grounds of the present defence;— Here had been full payment made on one side, and full possession given on the other, with an actual conveyance of part of the land. The possession had been enjoyed by the plaintiff for several years, before he attempted any rescision of the contract. So that a part execution of the contract had taken place, according to every rule on the subject, both at law and in equity. If the payment alone did not amount to this, the conveyance of part and such a change of possession as to all most assuredly did. And it is evident, that no subsequent rescision of the contract could restore the parties to their original condition, in reference to the property; for a long period of possession and enjoyment, inconsistent with such original condition, had already passed. And to prove that, in such a state of things, when the parties could not be placed *in statu quo,* it was too late for either, alone, to rescind the contract, the authorities are numerous and conclusive. The mention of a few will suffice. *Hunt* v. *Silk,* 5 East 449. *Reed* v. *Blandford,* 2 Y. & J. 284. *Seymour* v. *Bennet,* 14 Mass. 266. *Ellis* v. *Hoskins,* 14 Johns. 363. *Caswell* v. *Black River Co.,* Ib. 453. *Fuller* v. *Hubbard,* 6 Cow. 13. *Gale* v. *Nixon,* Ib. 445.

The other ground is also clearly with the defendant. It must be understood from the amount of the verdict, that the jury found the seventy five pounds, or three hundred dollars, to have been the price agreed upon for both tracts of land, as the defendant claimed at the trial. And though the parties, in their estimates of the value, referred two thirds of that sum to the fifty acres, and one third to the old farm, it was still one entire purchase, at one price. For the whole price the defendant gave credit, executing a conveyance of one tract at the time, and stipulating to convey the other after receiving payment for both. Now we are not to assume, that he would have sold either tract by itself, especially for the sum at which it was estimated in the negotiation. And hence the estimated value placed upon the fifty acres may be more or less than the damages, which the plaintiff ought to recover for the defendant's refusal to convey that tract. Indeed, the case is evidently within all the reasons of the rule, that a contract rescinded *ab initio* as to part, and at the election of one party, must be wholly rescinded. *Jen-*

*kins* v. *Simpson*, 2 Sheple, 364. *Franklin* v. *Miller*, 4 Ad. & El. 599. *Raymond* v. *Bearnard*, 12 Johns 274.

The result is, that, as the contract had been so far executed, that the plaintiff had realized manifest benefit under it, and the parties could not be placed *in statu quo*, it was not in a state to be rescinded at all, and much less as to the fifty acres only, except by mutual consent. The plaintiff should therefore have declared specially upon the contract; and the charge of the court below, that he could sustain the present action, was erroneous.

Judgment of county court reversed, and the cause remanded to that court for another trial.