MARSHALLTOWN STONE COMPANY, Appellant, v. DES MOINES BRICK MANUFACTURING COMPANY.

Agreement Not to Enter Into Contract: CONSIDERATION. An agreement between a party about to enter into a contract to furnish certain paving materials to a city, for use or a certain street, and another, whereby the latter is to pay the former a certain 1 amount per cubic yard for material used in such street, on condition that the former will not enter into such contract nor sell any such material in that city for a certain period, is not void for want of consideration, since the former's forbearance was sufficient.

NOT AGAINST PUBLIC POLICY. Such agreement is not void as against 2 public policy, because tending to prevent competition; it being limited as to time, place, and commodity.

*Appeal from Polk District Court.*—HON. W. F. CONRAD,.
Judge.

THURSDAY, OCTOBER 10, 1901.

ACTION on contract.  A demurrer to the petition was.
sustained, and judgment rendered against the plaintiff.  The
plaintiff appeals.—*Reversed.*

*Bremner & Shuler* and *C. H. E. Boardman* for appel-
lant.

*Berryhill & Henry* for appellee.

SHERWIN, J.—The petition alleges that in August, 1898,.
the plaintiff was about to enter into a contract to furnish
crushed rock for use in paving a certain street in Des Moines
then about to be paved; that the defendant then agreed to.
pay the plaintiff the sum of 25 cents per cubic yard for the
crushed rock used in paving said street, on condition that
the plaintiff would not enter into the contemplated contract
nor sell any crushed rock in the city of Des Moines during·
the remainder of the year 1898; and that the plaintiff car-
ried out the terms of its agreement.  The demurrer assails the·
petition for want of consideration, and on the ground that
the agreement was against public policy and void because·
tending to prevent competition.

The consideration for the agreement on the part of the·
defendant was sufficient.  The plaintiffs agreed to and did·
refrain from entering into the contemplated contract, and
refrained from selling crushed stone in the city of·
Des Moines during the remainder of the year 1898.
It is to be presumed that the sale of stone in Des.
Moines would have been of benefit to the plaintiff, and that
by not doing so he suffered a loss.  Any forbearance practiced·
by a party to a contract, or any detriment or loss suffered by
him, is sufficient consideration for the other's promise. Clark,.
Contracts 147; Beach, Modern Contracts section 167; 1:

Parsons Contracts 451; *Harlan v. Harlan,* 102 Iowa, 701; Greenhood, Public Policy, 717. In the case of *Chapin v. Brown,* 83 Iowa, 156, relied upon by appellee, the plaintiff sued for damages because the defendants had again entered the butter trade after agreeing not to do so. The plaintiff had clearly paid nothing for the promise, and upon the execution of the bare agreement, without the payment of a cent, he had at once established a lucrative business; hence had not forborne or suffered anything.

The agreement was that the plaintiff would not enter into the particular contract contemplated for furnishing crushed stone for the particular job of paving then under way, and further that it would not sell said material in the city of Des Moines during the period of about five months. It was limited as to time, place, and commodity. So far as is shown by the petition, there was no attempt to restrain competition in furnishing that particular product. There might have been a large number of others anxious and willing to supply the public demand for crushed rock. Nothing appears therefrom which in the least indicates an intention to oppress or to create a monopoly in that particular product. The contract was therefore not void as against public policy. *Hedge v. Lowe,* 47 Iowa, 137; Greenhouse Policy 703-716. In the *Chapin-Brown Case, supra,* it appeared that all the merchants of Storm Lake had entered into the argeement, and it might well be said that it was a contract creating a monopoly, and hence against public policy. The judgment is REVERSED.