MAIL & TIMES PUBLISHING CO. v. SAMUEL Z. MARKS AND
MARKS MUSIC CO., Appellants.

Contracts: MUTUALITY. A proposition to purchase property and to pay
1  for the same partly in cash and partly in labor, when accepted and
   acted upon by the other party, constitutes a contract which is not
   void for want of mutuality, but is supported by a valuable con-
   sideration.

Contracts: ABANDONMENT: QUANTUM MERUIT. Under an agreement
2  to purchase a piano and pay therefor partly in cash and partly in
   advertising within a specified time, failure to furnish the agreed
   amount of advertising will not authorize an abandonment of the
   contract and recovery of judgment for the work done, where the
   other party is able and willing to perform the agreement.

*Appeal from Polk District Court.*— HON. WM. H. MC-
HENRY, Judge.

SATURDAY, NOVEMBER 19, 1904.

ACTION on account. The facts appear in the opinion.
Judgment as prayed, from which defendants appeal.— *Re-
versed.*

*S. G. Van Auken,* for appellants.

*S. B. Allen,* for appellee.

LADD, J.— The object of this action is to recover for
advertising done for defendants from October 6, 1900, to
December 14, 1901, valued at $123. The matter to be pub-
lished was furnished plaintiff under the following contract,
which had been assigned to S. Z. Marks by the Early Music
House, and was subsequently extended to January 1, 1902:

Des Moines, Iowa, Oct. 2, 1900. We hereby agree to
buy of the Early Music House one Ivers & Pond Piano, style

107, mahogany, on the following terms: $187.50 cash when piano is called for within one year from date and $187.50 in advertising in the Mail & Times, such advertisements as are supplied by the Early Music House at following rates: Twenty-five cents per inch for display and fifteen cents per line for locals, said amount paid in advertising to be used within one year from date.    Mail & Times Pub. Co., per R. W. Evans.    The Early Music House, G. Early.

The plaintiff had not tendered the $187.50, nor demanded the piano, nor had it been tendered to the plaintiff. The defendant waived all claim to the remainder of the advertising, and, in his answer, asserted his readiness to furnish the piano according to the terms of the contract.    These the court refused to enforce because of a supposed want of mutuality.    This defect may have existed at the inception of the writing, but not after its acceptance.    True, neither Marks nor the music house parted with any property, but he furnished plaintiff matter for advertisements, and availed himself of the benefits of this when done.    In so doing, he incurred the obligation to pay therefor according to the written proposition of the plaintiff, or, if for any reason he could not comply therewith, to pay the reasonable value of the services rendered.    This amounted to a valuable consideration, for in so doing he engaged plaintiff, instead of some one else.    In other words, he yielded to the inducement to do differently than he would have done but for the plaintiff's proposition.    *Harlan v. Harlan,* 102 Iowa, 701; *Marshall Stone Co. v. Des Moines Brick Mfg. Co.,* 114 Iowa, 574.    The offer to take the piano in payment for advertising at specified prices was accepted by Marks in furnishing the matter therefor under the terms proposed, and thereby incurring the obligation to pay for it, and this rendered the written proposition binding on both parties.    9 Cyc. 329.    Certainly there was then no want of mutuality, and we know of no reason for permitting

1. CONTRACTS: mutuality.

the plaintiff to rue its bargain, and recover payment in money, instead of the commodity expressly stipulated.

Another objection urged against being required to take a piano in payment, instead of money, is that all the advertising contemplated was not done. We know of no reason

**2. CONTRACTS: abandonment; quantum meruit.** for denying to the defendant the right to waive part of the payment. Surely the company is not in a situation to complain if Marks, instead of exacting $187.50 worth of advertising, was content with having $123 worth done. The case is not analogous, as is contended, with those in which an employe undertakes to labor for a fixed period, quits before his time is up, and is allowed to recover on a *quantum meruit,* with deductions of damages for the breach. There payment, in any event, is to be made in money. But suppose the agreement was to work during the time stipulated in consideration of the delivery of a particular horse. Can it be thought the employe may change his mind, and enforce payment in money instead? Certainly not. Nor could he, upon abandoning the contract before completed, insist upon compensation in money if the employer should elect to waive service for the remaining period, and tender the horse in payment according to the terms of the contract. Parties have the perfect right to agree upon the commodity in which payment for services rendered shall be made, and having done so, may not insist upon some other measure of their value.—*Reversed.*