THOMAS CAVANAGH ET AL., PARTNERS, ETC., RESPOND- ENTS, v. BOROUGH OF RIDGEFIELD, IN BERGEN COUNTY, NEW JERSEY, APPELLANT.

Argued November 21, 1919—Decided March 1, 1920.

1. When, under a valid contract to perform a specified work for a specified price, the plaintiff has done part and has been prevented from performing completely through the fault of the defendant, the legal measure of the plaintiff's damages is generally, for the work done, such a proportion of the entire price as the fair cost of that work bears to the fair cost of the whole work, and, in respect to the work not done, such profits as he would have real- ized by doing it.

2. Even where a contractor uses the word "rescind" and the phrase "consent to a rescission" in his communications with respect to a contract, the court will consider not only those words, but the context and attendant circumstances, in determining whether the party meant to effect a complete technical and legal rescission of the contract, or whether the real intention was to declare his re- lease from further obligation to comply with the terms of the contract because of the default of the other party.

3. The right of a contractor to recover against a municipality for work done and materials furnished under a contract between them, upon showing that he has been prevented from performing completely through the fault of the municipality, is not lost by the contractor's inaccurate use of the words "rescind" and "consent to a rescission" in his communications with the municipality, where it appears that in the same document he demands that the municipality should make payment "of all moneys due to date for work, labor and materials furnished to you under and *pursuant to the terms of the said contract at the rates mentioned in the said contract.*"

4. An instruction is properly refused that assumes a material and controverted fact.

On appeal from the Supreme Court.

For the appellant, *William J. Morrison, Jr.*

For the respondent Cavanagh Contracting Company, *John J. Fallon* and *Merrilt Lane.*

For the respondent Globe Indemnity Company, *Lum, Tamblyn & Colyer.*

The opinion of the court was delivered by

.TRENCHARD, J. The Cavanagh Contracting Company had a contract with the borough of Ridgefield for the construction of a sewerage system in the borough. During the progress of the work the borough refused to allow the company to complete the contract and forcibly stopped the work.

The company thereupon brought this suit for damages against the borough. The defendant denied liability, and counter-claimed for damages against both the plaintiffs and the Globe Indemnity Company (surety on the contractor's bond, who had been brought in as a third party), upon the theory that the contract had been broken by the plaintiffs.

The trial judge left it to the jury to say, from the evidence, whether the contract had been broken by the one party or the other, and charged that if the defendant had broken it the plaintiffs were entitled to recover, and that,

on the other hand, if the plaintiffs had broken it, the defendant was entitled to recover on the counter-claim. The jury found for the plaintiffs on their claim for damages and against the defendant on its counter-claim.

We are of the opinion that the judgment, entered upon such verdict, should not be disturbed.

When, under a valid contract to perform a specified work for a specified price, the plaintiff has done part and has been prevented from performing completely through the fault of the defendant, the legal measure of the plaintiff's damages is generally, for the work done, such a proportion of the entire price as the fair cost of that work bears to the fair cost of the whole work, and, in respect to the work not done, such profit as he would have realized in doing it. *Kehoe* v. *Rutherford,* 56 *N. J. L.* 23. The judge correctly charged in accordance with the first branch of that rule, and since no profits were claimed for work not done, none were allowed.

But the defendant contends that the plaintiffs could not legally recover at all in the circumstances of the present case. The pertinent circumstances were these: In September, 1916, the borough served upon the contractors a notice (as provided for in the contract) that unless the contractors within three days promptly proceeded with the work, and furnished the necessary labor and materials therefor, the borough would do so and deduct the cost thereof from the moneys due and thereafter to become due. On December 26th, 1916, the borough council passed a resolution reciting that the contractors had failed to promptly prosecute the work, and furnish the necessary labor and material after notice so to do, and resolved that the borough provide such labor and material and deduct the cost from any moneys due therefor or to become due. On January 4th, 1917, the borough officials forcibly and physically stopped the contractors and took over the performance of the work. Whereupon, on January 17th, 1917, the contractors served a notice upon the borough, reciting the refusal to allow the contractors to pro-

ceed with the work, the failure to pay an installment due upon the contract, and other breaches, and saying "we consent to a rescission of the said contract and notify you that we do rescind for the above reasons. We demand that you give payment to us of all moneys due to date for work, labor and materials furnished to you under and *pursuant to the terms of the contract at the rates mentioned in said contract."*

Now the defendant's argument is that thereby the plaintiffs "rescinded" the contract, and that in consequence there can be no recovery under it; that being thus wiped out there can be no recovery on the *quantum meruit* because the law will not raise an implied contract in a case where the statute forbids a contract by a municipality without call for competitive bids.

But this argument is fallacious. It rests entirely on the legal and technical meaning of the word "rescind," which, as was said in *Bridgeton* v. *Fidelity and Deposit Co.*, 88 *N. J. L.* 645, is a word "peculiarly liable to inaccurate and careless use." And so even when the word "rescind" and the phrase "consent to a rescission" are used, the court will consider, not only those words, but the context and attendant circumstances, in determining whether the party meant to effect a complete technical and legal rescission of the contract, or whether the real intention was to declare his release from further obligation to comply with the terms of the contract because of the default of the other party.

So considered it is plain that the plaintiffs did not intend legal and technical rescission. The notice was in effect that because of default on the part of the borough the plaintiffs would no longer attempt to proceed with the contract, but would hold the borough for moneys due under the contract. While the notice uses the word "rescind" and the phrase "consent to a rescission," it contains a demand that the borough should make payment "of all moneys due to date for work, labor and materials furnished to you under and *pursuant to the terms of the said contract at the rates mentioned in the said contract."* The language used is inapt, but the

context and attendant circumstances show that what plaintiffs meant to say was in effect: "You have stopped us and refuse to pay; very well, we submit, but claim for what we have done." This was not technically a rescission of the contract, but merely an acceptance of the situation which, as the jury must have found, was brought about by the fault of the borough. The trial judge properly charged accordingly.

It is next urged on behalf of the defendant that the judge erred in refusing to charge the following request:

"The plaintiffs' non-performance is not excused by plaintiffs' difficulties in procuring labor or materials or in prosecuting the work."

But this instruction was properly refused because it assumed a material and controverted fact, namely, plaintiffs' non-performance.

Our examination of the other grounds of appeal discloses no error.

The judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.