Olson v. Woodhouse.

---

MARTINA OLSON, APPELLANT, V. ELVIS H. WOODHOUSE ET AL., APPELLEES.

FILED JULY 31, 1924.    No. 22844.

1. **Vendor and Purchaser:** TITLE. Title to land is not necessarily unmarketable, because incumbered by a lien which may be discharged with purchase money at the time fixed by a contract of sale for the delivery of the deed.

2. ———: CANCELATION OF CONTRACT. A vendee who demands the cancelation of a contract to purchase real estate for nonperformance by vendor must show compliance with its terms or tender of performance on his part.

APPEAL from the district court for Banner county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Rodman & Rodman* and *H. Halderson,* for appellant.

*L. L. Raymond* and *Ray E. Lee, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DAY and THOMPSON, JJ.

ROSE, J.

This is a suit to cancel an agreement by plaintiff to purchase from defendants a section of land in Banner county for $54,400, to recover a judgment for payments aggregating $10,200 on the purchase price and to make them a lien on the land. Arthur Olson and Maynard Olson, acting for plaintiff, their mother and their undisclosed principal, signed a contract of purchase August 20, 1920. Payments were to be made as follows: Cash in hand, $5,000; October 1, 1920, $5,000; November 1, 1920, $5,000; January 2, 1921, $6,600; existing mortgage assumed, $12,800; execution of an additional mortgage maturing at later dates, $20,000. The contract was also signed by Elvis H. Woodhouse and Elizabeth J. Woodhouse, defendants, as the vendors, but they did not then know that plaintiff, the undisclosed principal of the vendees, was the real purchaser. After the disclosure of that fact plaintiff herself and Elvis H. Woodhouse, January 24, 1921, signed a memorandum for the sale of the land to the former. The purchase price was $54,400, payable as follows: Credit for payments already made, $10,200; February 5, 1921, liberty bonds at par $2,000; cash due March 1, 1921, $3,000; March 1, 1921, executed mortgage, $26,400; mortgage assumed, $12,800. Performance by plaintiff March 1, 1921, entitled her to a deed conveying a good and sufficient title. She alleged as grounds of relief that she had been ready and willing to perform the contract on her part, but that the defendants were unable, on account of liens, to convey the title for which she had contracted; that they repudiated their contractual obligations and abandoned the sale. The suit

Olson v. Woodhouse.

was defended on the grounds that plaintiff was unable to make the payments as they fell due; that she made default in her payments and abandoned the land after harvesting a crop of wheat; that, except for the failure of plaintiff to make her payments on time, the title would have been transferred to her according to her contract of purchase. Upon a trial of the case the district court found the issues in favor of the defendants, denied the relief sought by plaintiff and ordered a specific performance of the contract dated January 24, 1921. Plaintiff appeals.

An examination of the evidence shows that plaintiff was first in default. Had she made the cash payment of $3,000 when due March 1, 1921, the money would have enabled vendors to discharge all liens except the mortgage indebtedness assumed by plaintiff, to clear the title and to transfer it to plaintiff according to the terms of the contract. Vendors had a right to sell their incumbered land in contemplation of receiving the purchase price when due. Their failure to convey title to the land purchased by plaintiff was due to nonperformance on her part. She had no legal ground to refuse payment or to treat the purchase as rescinded or to recover back what she paid. It is clear from the evidence that she was unable to raise money to pay the purchase price as the payments matured and that this was the cause of the controversy resulting in the litigation. Otherwise the vendors would have made the transfer.

Title to land is not necessarily unmarketable, because incumbered by a lien which may be discharged with purchase money at the time fixed by a contract of sale for the delivery of the deed.

A vendee who demands the cancellation of a contract to purchase real estate for nonperformance by vendor must show compliance with its terms or tender of performance on his part.

Under the rules of law and the principles of equity applicable to the facts, plaintiff is not entitled to the relief sought by her.

On the controlling issues, the conclusions on appeal conform to the findings of the district court.

AFFIRMED.

Note.—See Vendor and Purchaser, 39 Cyc. p. 1422; p. 1487 (1925 Ann.).