L. P. MINTLE, Appellee, v. DORA SYLVESTER et al., Appellants.

**VENDOR AND PURCHASER:** Rescission of Contract—Unallowable
1 **Rescission By Purchaser.** A vendor who is able to convey, who is not legally in default, and who has at all times insisted on performance by the purchaser, does not (1) by serving the 30-day notice of forfeiture, (2) by retaking possession, and (3) by instituting an action to quiet title, breach, abandon, or repudiate the contract in such sense that the purchaser may declare a rescission, and on the basis thereof recover the payments made by him.

STEVENS and DE GRAFF, JJ., dissent to the conclusion in the instant case.

**VENDOR AND PURCHASER:** Forfeiture of Contract—Notice Neces-
2 sary. A contract for the sale of real property cannot be forfeited without giving the statutory notice of intention to forfeit (Sec. 12390, Code of 1924), whether time is or is not of the essence of the contract.

Headnote 1: 39 Cyc. p. 2006. Headnote 2: 39 Cyc. p. 1384.

Headnote 1: 27 R. C. L. 644..

*Appeal from Jasper District Court.*—CHARLES A. DEWEY, Judge.

DECEMBER 16, 1926.

Action at law to recover purchase money paid on land contract, the action being grounded on breach by the vendor and rescission therefor by the vendee, the alleged breach consisting of a declaration of forfeiture and retaking of possession. Verdict and judgment for plaintiff. Defendants appeal.—*Reversed.*

*Cross & Hamill,* for appellants.

*Ross R. Mowry* and *Korf & Korf,* for appellee.

MORLING, J.—By contract in question, dated June 26, 1919, defendants agreed to convey to plaintiff, on March 1, 1920, and to furnish merchantable abstract showing clear title on that date, for $140,000, of which plaintiff paid $1,000 down, gave note for $2,000, due March 1, 1920, agreed to pay $37,000 on March 1, 1920, and on that date to give notes and mortgages for the balance, $100,000. Plaintiff agreed to pay the taxes for 1920. It was agreed that the time of payment of "money, interest and taxes as aforesaid is the essence and important part of this contract; and that if any default is made in any of the payments or agreements above mentioned, to be performed by the party of the second part in consideration of the damage, injury and expense thereby resulting, or that may be incurred, by or to the party of the first part thereby, the party of the second part shall have no claim in law or in equity against the party of the first part nor to the above mentioned real estate, and any claim of the second party by reason of any payments or improvements shall on default cease and become forfeited and the second party shall remove from the premises."

The notice of forfeiture to which reference will be made was served August 8, 1921, and was denominated "Notice of intention to declare forfeiture of contract for sale and purchase of real estate." It notified plaintiff that the defendants "declared their intention to forfeit all your rights, title and interest in 'the land in question,' and which interest you have by virtue of a certain written contract [described] * * * on which contract you have paid only the sum of $35,000 and on which there is due first party the sum of $105,000, together with interest thereon from March 1, 1920, * * * unless within a period of 30 days after the service of this notice upon you you pay to said first parties said sum of $105,000 with interest thereon from March 1, 1920, as provided in said contract and * * * the expense of serving this notice upon you all your right, title and interest will be forfeited as hereinbefore stated. This notice is served upon you under the provisions of Section 4299 and 4300 of the Supplement to the Code 1913 and to the Code of 1897, Sec. 4301, and to all of which you will now take due notice and govern yourself accordingly and be prepared to make full settlement for said lands as required of you by the terms of said contract. Upon failure so to do you are hereby

notified that first parties will retain under the terms of such contract the sum already paid by you together with any improvements or betterments * * * which you or any person claiming under you have made on said premises since you took possession on March 1, 1920. You are further notified that said contract provides that second party shall pay the taxes on said land beginning with the taxes for the year 1920, and that you have failed and neglected to pay the taxes * * * and the first parties also elect to declare a forfeiture for failure to pay taxes as provided in said contract * * *.''

The notice to VanKooten, to whom plaintiff afterward sold the land, declared that all the right of plaintiff would be forfeited unless plaintiff should ''perform said contract as by statute provided and shall make payment of taxes on said land for the year 1920,'' and that, in the event of forfeiture, Van Kooten would be treated as a tenant.

There was no mutual rescission. The question is whether there is evidence of breach or abandonment by defendants, entitling the plaintiff to rescind. The defendants did not, on

1. VENDOR AND PURCHASER: rescission of contract: unallowable rescission by purchaser.

March 1, 1920, have a merchantable abstract of title. The parties did not meet on that day, but, on March 4, 1920, a verbal arrangement was made, by which plaintiff paid $34,000 (including the $2,000 note), and defendants agreed to deposit deed in the bank, waive forfeiture clause, and furnish approved abstracts. When the abstracts were approved, plaintiff was to give the notes and mortgages, pay the $5,000, and receive the deed. Plaintiff took possession at that time. He resold to Van Kooten, who took possession in the spring of 1921. The abstracts were not completed until April 7, 1921, and were then delivered to plaintiff. His attorney told him that, on account of the sale to VanKooten, it was not necessary for him to go to the expense of having the abstracts examined. The abstracts were then mailed by plaintiff to VanKooten's attorney, who found them to be objectionable, but accepted defendants' agreement to complete them. No further question was raised about the abstracts. On March 4, 1920, plaintiff was able to pay the remaining $5,000, but was not, at or after the time the abstracts were furnished. The taxes for 1920 were not paid. The notes and mortgages were never executed. The deal between plaintiff

and VanKooten was not completed. In July or August, 1921, defendants told plaintiff that the abstract had been approved by VanKooten's attorney, and that they were ready to close the deal. They asked him to pay the remaining $5,000. He told them he could not; that he didn't know where he was going to get it. He suggested other arrangements for closing the deal, but none were ever made. The notice of forfeiture was served on August 8, 1921. A decree quieting title in defendants was later entered. This decree was vacated in a suit brought by plaintiff, but such decree was, after the trial of the instant case, reversed in this court. *Mintle v. Sylvester,* 197 Iowa 424. The petition in the defendants' suit to quiet title set out the contract, plaintiff's failure to pay or deposit the $5,000 and to execute the notes and mortgages and failure to pay taxes, and alleged a tender of proper abstract and demand for performance. That petition also set out the service of the notice of intention to forfeit, and alleged that the plaintiffs in that suit (defendants here) "are now and at all times have been ready, able, and willing to perform their part of said contract." The prayer was that the contract "be declared null and void for failure on the part of the defendant [plaintiff here] to perform his part of said contract; that said defendant be barred and forever estopped from having or claiming any right, title or interest in said real estate, * * * and that plaintiffs be decreed to be the owners in fee simple of the same, free and clear of any claim of defendant by virtue of said contract or otherwise." Defendants took possession of the farm in September, 1921, and then made a lease of it to VanKooten for 1921.

I. Plaintiff's contention is that the forfeiture clause was waived, and that the notice of forfeiture and action to quiet title and the taking possession and leasing the land were a repudiation and rescission, entitling him to recover the purchase money paid. There is no evidence that the defendants intended to rescind the contract. On the contrary, both in the notice of intention to cancel and in the petition in the action to quiet title, they manifested their willingness to carry out the contract. By the notice, the plaintiff was given 30 days, "to make full settlement for the lands as required of you by the terms of said contract." It is not claimed that the period of 30 days was not a reasonable time. It is claimed that the notice demands a cash

settlement, rather than the payment of $5,000 cash and the execution of the mortgages and notes for the $100,000. We are of the opinion, however, that the notice, especially when read in connection with the notice to VanKooten, merely demanded performance of the terms of the contract. There is no evidence that it was misunderstood, or any objection made to it on that account. The fact is that the plaintiff was then unable to pay the $5,000. The notes and mortgages had been prepared and delivered to him, and were in his possession from March 4, 1920, but he never signed or offered to sign them.

An express stipulation for forfeiture of payments on default of the vendee is not a prerequisite to the right of the vendor on a default to retain the money paid and reinvest himself with possession of the land. *Downey v. Riggs,* 102 Iowa 88; *Mail & Times Publishing Co. v. Marks,* 125 Iowa 622; *Richards v. Hellen & Son,* 153 Iowa 66, 74; *Mohler v. Guest Piano Co.,* 186 Iowa 161; *Hansbrough v. Peck,* 5 Wall. (U. S.) 497; *Glock v. Howard & Wilson Colony Co.,* 123 Cal. 1 (55 Pac. 713, 43 L. R. A. 199, 69 Am. St. 17); *Edgerton v. Peckham,* 11 Paige's Ch. (N. Y.) 352; *Francis v. Shrader,* 38 Cal. App. 592 (177 Pac. 168); *Oursler v. Thacher,* 152 Cal. 739 (93 Pac. 1007). See, also, *Harrington v. Eggen,* 51 N. D. 87 (199 N. W. 447); *Matteson v. United States & C. Land Co.,* 103 Minn. 407 (115 N. W. 195); *Engel v. Mahlen,* 153 Minn. 1 (189 N. W. 422).

The defendants, at the time the notice was served, were able to comply with the contract on their part. The objections to the abstract were such as could be corrected, and the plaintiff on his part had waived examination of the title, and was contented with the acceptance by VanKooten's attorney. A deed was presented to plaintiff on March 4, 1920, and by arrangement at that time was left in the bank for delivery. It was offered in evidence by the plaintiff, and no objection on account of insufficient offer of performance of the contract on the part of the defendants, other than has been indicated, is made. The waiver of the time and forfeiture clause in the contract would not perpetually postpone performance. *Carroll v. Mundy & Scott,* 185 Iowa 527, 531; *Janes v. Towne,* 201 Iowa 690.

It is well settled that, though time is not originally of the essence, or though the stipulation making it of the essence has been waived, time will become of the essence by notice requiring

performance within a reasonable time. Failure to perform within such reasonable time may be treated as an abandonment or termination of the contract and a forfeiture of all rights under it. *Foster v. Ley,* 32 Neb. 404 (49 N. W. 450, 15 L. R. A. 737, and note); *King v. Ruckman,* 20 N. J. Eq. 316; *Kirby v. Harrison,* 2 Ohio St. 326 (59 Am. Dec. 677); *Austin v. Wacks,* 30 Minn. 335 (15 N. W. 409); *Fuller v. Hovey,* 2 Allen (Mass.) 324 (79 Am. Dec. 782); *Roberts v. Yaw,* 62 Kan. 43 (61 Pac. 409); *Havens v. Patterson,* 43 N. Y. 218; 13 Corpus Juris 688; *Preferred Underwriters v. New York N. H. & H. R. Co.,* 243 Mass. 457 (137 N. E. 590); *Trainor Co. v. Amsinck & Co.,* 236 N. Y. 392 (140 N. E. 931); *Janes v. Towne,* 201 Iowa 690. As the defendants, to plaintiff's knowledge, were able and willing to perform, and as the plaintiff was not able to perform, and so announced to the defendants, a formal tender by defendants was not necessary. *Nelson v. Chingren,* 132 Iowa 383; *Carroll v. Mundy & Scott,* 185 Iowa 527; *Weiser v. Rowe,* 185 Iowa 501; *Primm v. Wise & Stern,* 126 Iowa 528; *Lawrence v. Miller,* 86 N. Y. 131; *Sausalito Bay Land Co. v. Sausalito Improvement Co.,* 166 Cal. 302 (136 Pac. 57).

Such a termination of the contract, while inaccurately spoken of sometimes as a rescission, is not a true rescission, such as entitles the party in default to a restoration of the *status quo.* *Downey v. Riggs,* 102 Iowa 88; *Earnshaw v. Whittemore,* 194 Mass. 187 (80 N. E. 520); *Aikman v. Sanborn,* 5 Cal. Unrep. Cas. 961 (52 Pac. 729); *Clark v. American Developing & Min. Co.,* 28 Mont. 468 (72 Pac. 978, 980); *City of Bridgeton v. Fidelity & Deposit Co.,* 88 N. J. Law 645 (96 Atl. 918); *Cavanagh v. Borough of Ridgefield,* 94 N. J. Law 147 (109 Atl. 515); 5 Page on The Law of Contracts (2d Ed.), Section 3027.

The plaintiff was unable to perform, had so notified the defendants, was in default, and was not in a position to claim a default on the part of the defendants. *Crooke v. Nelson,* 195 Iowa 681; *Alabama Tailoring Co. v. Judkins,* 205 Ala. 601 (88 So. 865); *Aikman v. Sanborn,* 5 Cal. Unrep. Cas. 961 (52 Pac. 729); *Olson v. Woodhouse,* 112 Neb. 527 (199 N. W. 815); *Sponsler v. Max,* 113 Neb. 477 (203 N. W. 566); *McLain v. Smith,* 201 Iowa 89.

The defendants did not, by the notice of intention to declare forfeiture, or by their petition in the suit to quiet title,

evince an intention not to be bound by the contract. They were
not putting it out of their power to perform. They were not
repudiating the contract. They were affirming it, and demand-
ing performance by plaintiff. Their claim to possession was
based ostensibly on the terms of the contract, and was not in
hostility to it. The existence and validity of the contract were
not denied. The defendants' right to give the notice and to
proceed under the statute and to declare a forfeiture was not
denied until the commencement of this action, and after the
decree was rendered in the suit to quiet title. A breach or an
unauthorized demand not amounting to an intimation of inten-
tion to be no longer bound does not of itself free the other party
from his obligation, or authorize him to rescind. The elementary
principles governing this subject were laid down with great
clearness in *Freeth v. Burr*, L. R. 9 C. P. 208. That was an
action by the purchaser of pig iron against the sellers for dam-
ages on account of the sellers' refusal to make full delivery.
By the contract, the iron was deliverable in two parcels. There
was no delivery of either parcel according to the contract. The
delivery of the first parcel was, by mutual arrangement, de-
layed, but was made at a later time than the contract called for.
After full delivery of the first parcel, the defendants demanded
payment, which plaintiff refused, claiming to set off damages
for defendants' breach. Plaintiff afterwards demanded delivery
of the balance of the iron, and, on defendants' refusal, brought
the action for damages. Lord Coleridge said:

"The question is whether the fact of plaintiffs' refusal to
pay for the 125 tons delivered was such a refusal on the part of
the purchasers to comply with their part of the contract as to
set the seller free and to justify his refusal to continue to per-
form it. This certainly appears, viz., that there was an exten-
sion by mutual consent of the time for the delivery of the iron
from December, 1871, to May, 1872, with constant pressure on
the one side and excuses and resistance on the other. I mention
that because it is important to express my view that, in cases of
this sort, where the question is whether the one party is set free
by the action of the other, the real matter for consideration is
whether the acts or conduct of the one do or do not amount to
an intimation of an intention to abandon and altogether to re-
fuse performance of the contract. * * * the true question is

whether the acts and conduct of the party evince an intention no longer to be bound by the contract.''

Keating, J., said:

''It is not a mere refusal or omission of one of the contracting parties to do something which he ought to do, that will justify the other in repudiating the contract; but there must be an absolute refusal to perform his part of the contract. * * * As, upon the facts, there appears to have been not only no absolute refusal to perform the contract by the plaintiffs, and, what is important, no evidence of inability on their part to perform it, I think the defendant had no right to treat the contract as rescinded, and to refuse to deliver the remainder of the iron.''

Denman, J., concurring with the reasons expressed, said:

''Notwithstanding the plaintiffs' refusal to pay, the defendant was bound to go on and deliver the rest of the iron.''

In *McAllister-Coman Co. v. Matthews,* 167 Ala. 361 (140 Am. St. 43, 52 So. 416), it is said:

''Merely because a given act or course of conduct of one party to a contract is inconsistent with the contract is not sufficient; it must be inconsistent with the intention to be longer bound by it.''

See, also, *Brady v. Oliver,* 125 Tenn. 595 (147 S. W. 1135, 1139, 41 L. R. A. [N. S.] 60, Ann. Cas. 1913C 376); *Fay v. Oliver,* 20 Vt. 118 (49 Am. Dec. 764, 767).

As the defendants were insisting upon the contract, requiring performance on the part of the plaintiff, and offering performance themselves, an error on their part as to its construction or its effect or meaning would not be a breach that would entitle the plaintiff to rescind. *Newell v. E. B. & A. L. Stone Co.,* 181 Cal. 385 (184 Pac. 659); *St. Regis Paper Co. v. Santa Clara Lbr. Co.,* 186 N. Y. 89 (78 N. E. 701); *Harper v. Battle,* 180 N. C. 375 (104 S. E. 658).

Whether time is or is not of the essence, a contract for sale of real property cannot now be forfeited without giving the statutory notice of intention. It is provided by Section 4301,

2. VENDOR AND PURCHASER: forfeiture of contract: notice necessary.

Code of 1897 (Section 12394, Code of 1924), that the requirements of the preceding sections prescribing notice and giving 30 days to perform ''shall be operative in all cases where the intention of the parties, as gathered from the contract and sur-

rounding circumstances, is to sell or to agree to sell an interest in real estate, any contract or agreement of the parties to the contrary notwithstanding.'' It is not necessary to the operation or requirements of these sections that time be made of the essence. Whether time is or is not of the essence, the 30 days' notice and opportunity to perform must be given. Though time had been waived, therefore, it was incumbent upon the defendants to give notice of forfeiture before they could declare the contract at an end. In giving notice and its accompanying opportunity to perform, the defendants were not proceeding in hostility to the contract. They were not intimating an intention to abandon it or to refuse to be bound by it. They were standing on the contract and on the law governing it. The notice and the claim to possession and the retaking of possession were based upon the contract and statute, and on defendants' fulfillment of them. There was no abandonment or breach by defendants entitling the plaintiff to rescind. *McLain v. Smith,* 201 Iowa 89; *Janes v. Towne,* 201 Iowa 690; *Newell v. E. B. & A. L. Stone Co.,* 181 Cal. 385 (184 Pac. 659); *Legvold v. Olson,* 194 Iowa 1000, 1005; *McAllister-Coman Co. v. Matthews,* 167 Ala. 361 (52 So. 416); 13 Corpus Juris 657; *Brady v. Oliver,* 125 Tenn. 595 (147 S. W. 1135, 1139, 41 L. R. A. [N. S.] 60, Ann. Cas. 1913C 376); *Hoggson Bros. v. First Nat. Bank,* 146 C. C. A. 65 (231 Fed. 869, 872); 5 Page on The Law of Contracts (2d Ed.), Section 2909; *Newton v. VanDusen,* 47 Minn. 437 (50 N. W. 820); *Hall v. Northern & Southern Co.,* 55 Fla. 235 (46 So. 178); *Houghton v. Callahan,* 3 Wash. 158 (28 Pac. 377); *Reynolds v. Nelson,* 6 Madd. Ch. 18 (22 Rev. Rep. 225, 56 Eng. Rep. 995); *Clark v. American Dev. & Min. Co.,* 28 Mont. 468 (72 Pac. 978).

We do not hold that 30 days' notice and time to perform would in all cases be reasonable where, because of absence or waiver of time-of-essence clause, reasonable opportunity to perform must be afforded. We hold merely that, on the facts of this case, there was no mutual rescission, and that the defendants did not rescind, and were not guilty of such a breach or abandonment of the contract as to entitle the plaintiff to rescind. As this probably disposes of the case, as well as of the appeal, it is not necessary to consider other questions arising on the record.

The judgment is—*Reversed.*

EVANS, FAVILLE, VERMILION, and ALBERT, JJ., concur.

DE GRAFF, C. J., and STEVENS, J., dissent.