MARVEL M. WILSON et al., Appellants, v. EVERETT PIPER, Appellee.

No. 46399.

FEBRUARY 8, 1944.

Marvel M. Wilson, of Morning Sun, for appellants.

Hicklin & Hicklin, of Wapello, for appellee.

MILLER, J.—Plaintiffs' petition asserts: Plaintiffs are the owners of a farm in Louisa county, consisting of two eighty-acre tracts and an additional irregular tract of about twenty acres; on February 8, 1941, plaintiffs made a written contract with defendant whereby the farm was sold to defendant for $21,843.75, with an alternative provision that, should defendant be unable

to comply with the provisions of the contract of sale, defendant might retain possession of the farm as a tenant until March 1, 1942, the rent being one half the corn and soy beans, two fifths the oats, and $5 per acre for the pasture; the part of the contract which provided for the sale of the farm was terminated and forfeited in the manner prescribed by the laws of Iowa; the rent provided in the lease has not been paid. The prayer was for judgment for the amount of the rent, aided by a landlord's attachment. The answer admitted the execution of the contract but denied the other allegations of the petition and further asserted payment of the rent due plaintiffs, rescission and termination of the contract by plaintiffs, refusal of plaintiffs to return defendant's down payment of $800, and prayed for judgment therefor.

The parties stipulated that the amount of grain and cash rent due plaintiffs from defendant had been settled and paid; that the landlord's attachment be dissolved; that defendant give plaintiffs immediate possession of the farm; that, of the amount garnished, in the hands of the Morning Sun Grain Company, $800 be left with them "until the final determination of this case" and that nothing in the stipulation "shall affect the right of the parties in the final determination of the issue" involving the down payment of $800 so retained in escrow. By this stipulation the controversy was narrowed to one proposition. The parties agreed that the contract had been terminated. The one question was, How was it terminated? Plaintiffs contend that it was terminated by forfeiture and that they are entitled to retain the $800 down payment. Defendant contends that it was terminated by rescission and that he is entitled to repayment of the $800. The court found for defendant. Plaintiffs appeal.

I. The written contract between the parties, executed February 8, 1941, provided that the purchase price of the farm was $21,843.75, on which the down payment of $800 was acknowledged and the balance of $21,043.75 was to be paid on or before May 1, 1941. The contract further provided:

"It is mutually understood by and between all of parties hereto that second party is negotiating for a loan to pay the said balance of the purchase price and which will take some time

to complete, and it is therefore agreed that second party may move upon said premises and take possession thereof on March 1st, 1941, and in case or in event that second party after acting in good faith, shall fail to obtain the necessary loan to complete this contract as above provided, he may and shall continue in possession of said premises as a tenant of the first parties hereto for the balance of the year and this contract shall then be considered as a lease on said premises and shall expire on the 1st day of March, 1942, without further notice, and second party to pay as the rental one-half of all corn and soy beans raised, two-fifths of the oats, and $5.00 per acre for the pasture.''

The record shows that defendant endeavored in good faith to secure the necessary loan but could secure only an offer of a loan of $10,500. He offered to execute a second mortgage to plaintiffs for the balance but this was refused. The contingency provided for in the above quotation occurred. Defendant acted in good faith but failed to obtain the necessary loan and continued in possession of the farm as a tenant rather than a purchaser. The rent provided for in the contract has been fully paid.

The trial court determined that the contract of sale was terminated by the plaintiffs, that such termination was acquiesced in by the defendant by the payment of rent and the surrender of possession of the farm, that ''plaintiffs have been placed in status quo by obtaining possession of said real estate'' and that ''the defendant is entitled to be placed in status quo by recovering the sum of Eight Hundred ($800.00) Dollars paid down by him as earnest money on said contract.'' We agree with this conclusion.

The situation is complicated by the fact that the contract is a double-barreled one. It had potentialities of becoming one of two things. If defendant could secure a loan, which the parties recognized was indispensable to performance on his part, it was to be a contract of sale. If defendant acted in good faith but was unable to secure the necessary loan, the contract was to become a lease. Defendant did act in good faith but was unable to secure his loan. The parties treated the contract as a lease. The rent has been paid in full and plaintiffs have se-

cured possession of the farm at the end of the lease. The contract clearly suggests that, if defendant acted in good faith and failed to secure the necessary loan, the agreement automatically became a lease and ceased to be a contract of sale. With the agreement so interpreted, defendant has complied with its terms. He was entitled to have the $800 down payment applied on the rent due. When such application is made defendant is entitled to the $800 now held in escrow. Such is the effect of the judgment of the trial court. The court was right in so holding.

II. Plaintiffs contend that the court erred in failing to find that the contract of sale was forfeited. Attention is called to the last paragraph of the contract, which provides:

"It is agreed by second party that in case he fails to complete this contract as to the purchase price, that he forfeits to the said first parties the amount of money paid down as earnest money on this contract, waiving his legal rights to have said contract forfeited as provided by law, and said amount forfeited to be considered as liquidated damages for his failure to purchase said real estate."

There is no merit in the contention. At the outset, it might be pointed out that the provisions above quoted could not operate according to their terms. The provisions for forfeiture of a contract such as this are controlled by chapter 527, Code, 1939, "any contract or agreement of the parties to the contrary notwithstanding." Section 12394, Code, 1939; Mintle v. Sylvester, 202 Iowa 1128, 1135, 211 N. W. 367. The record fails to show compliance with such statute. But, aside from this, the parties made a single contract which had potentialities of becoming one of two things, either a contract of sale or a lease. It was not intended to be both. If it constituted a contract of sale, provisions for its forfeiture would apply. But, under the record, it became a lease and ceased to be a contract of sale. Hence, the forfeiture provisions, relating to a contract of sale, had nothing upon which to operate.

III. Plaintiffs complain that the court erred in failing to find that defendant breached the contract of sale and in failing to find that plaintiffs' damages exceeded $800. There is no merit in this contention. The measure of damages in such a case is set

forth in Prichard v. Mulhall, 127 Iowa 545, 550, 551, 103 N. W. 774, 4 Ann. Cas. 789, and the trial court correctly found that there is no competent evidence of damage under such rule. But, aside from that, as heretofore determined herein, this contract ceased to be a contract of sale and became a lease. The obligations imposed upon defendant under such lease have been fully performed. There has been no breach of contract upon which to base a recovery for damages.

By reason of the foregoing, the judgment is—Affirmed.

All Justices concur.